WERBER LEATHER COAT CO., INC., Respondent, *v.* NIAGARA FIRE INSURANCE COMPANY OF NEW YORK and Others, Appellants, Impleaded with THE PHŒNIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT, and Others, Defendants.

Second Department, June 6, 1938.

*Ralph S. Kent* [*Lawrence S. Hazzard* and *Thomas D. Scoble, Jr.*, with him on the brief], for the appellants.

*John E. Mack*, for the respondent.

HAGARTY, J. This action is to recover upon insurance policies covering the fire risks of a factory located at Beacon, N. Y., devoted to the making of leather goods. The fire occurred on the 7th day of May, 1934, and concededly was of incendiary origin.

While the proof was ample to warrant the jury in finding that the fire was set at the instigation of plaintiff for the purpose of collecting the insurance, a question of fact was presented, not only as to that issue, but also, in accordance with the charge of the court, as to whether or not plaintiff had willfully concealed information with respect to claimed difficulties with " communists " and " union organizers " upon whom it sought to place responsibility for setting the fire.

Errors with respect to admission of proof and in the charge would, in any event, require a reversal of the judgment and the granting of a new trial, but such errors need not be detailed, as we are of opinion that the complaint should be dismissed for the reason that the proof of loss was willfully padded.

In support of damage for " loss out of sight " in the sum of $2,500, plaintiff submitted to appellants a statement showing the manner in which it computed this loss, which statement was in lieu of the examination of plaintiff's representatives by appellants. In accounting for goods shown by inventory taken January 1, 1934, plaintiff sets forth sales from that time to the date of the fire in the sum of $30,147. Actually, sales amounted to approximately $4,000 more than that. This difference in sales results in a substantial portion of the claimed " loss out of sight " damage, based, as it is, on loss of goods not appearing in the inventory taken after the fire.

The showing is conclusive that, in the latter part of the year 1932, plaintiff falsified sales to its customer Rice-Stix Dry Goods Company in the aggregate sum of $4,455 over actual sales by adding false items to its copies of invoices and including those false items in its aggregate sales for that year. These false sales were then " washed out " early in 1933 by false entries in its books to the effect that Rice-Stix Dry Goods Company had returned equivalent merchandise, whereas, in fact, no such returns had been made. Such false entries, however, had no direct bearing on the amount of sales claimed for 1934, as contained in the letter showing the manner in which the " loss out of sight " was computed.

Plaintiff, however, again resorted to the same practice of exaggerating its total sales for the year 1933, by making false entries with respect thereto for the latter part of that year. An invoice included in the total sales for that year is of merchandise in the sum of $2,165 to one Kramer, a brother of plaintiff's vice-president and secretary, which merchandise admittedly was never shipped and for which payment was not made. An alteration of an invoice of goods shipped to Phillips Tanning and Clothing Company, owned by one Martin Langer, son-in-law of plaintiff's president,

shows a forged addition of merchandise in the sum of $1,953.24, which, the uncontradicted proof shows, had never been shipped. Shortly after January, 1934, the account of Kramer was credited with various sums totaling $2,165. Plaintiff's ledger shows an alteration on the debit side of the Phillips Tanning and Clothing Company account, under date of December 18, 1933, to increase a sum which was two hundred and some odd dollars to $2,163.84 and, in March and April of 1934, this account was credited with three amounts totaling the sum of $1,953.24, representing the difference between the actual and the fictitious sales. The total of these two false entries is $4,118.24.

While plaintiff offered no testimony in rebuttal of this showing, its explanation, made during the presentation of its case, was that it was the practice or custom of plaintiff to make reservations of goods for customers and, in the event that such reservations were not taken by the customer, to sell such merchandise elsewhere. The purport of this alleged explanation was that the inventory taken January 1, 1934, did not include the goods in question, but that, when these accounts were credited with returned merchandise, such merchandise so reserved was then moved back into stock. No attempt was made to show that this so-called returned merchandise had been shipped to other customers. In the light of the falsifications of the invoice book, however, the explanation was insufficient to create an issue. The invoice book shows that the falsifications were made on the carbon copies of invoices kept for the purpose of totaling sales, and purported to show goods actually shipped. The continuous falsifications of totals of sales carried on the back of these invoice sheets, evidenced by erasures and marking over, show that they were accomplished after the termination of the year 1933. The uncontradicted testimony of Gompers, defendants' accountant, is that the total of the falsified sales to Kramer and Phillips Tanning and Clothing Company amounted to $4,118.24 and that this sum, when marked off by way of claimed returned merchandise, served to depress to that extent actual sales made in 1934.

If there is willful misrepresentation of a material fact, or concealment thereof, on the part of the insured in the proof of loss, examination pursuant to the policy, or otherwise, the policy is void in accordance with its terms. (*Claflin* v. *Commonwealth Insurance Co.*, 110 U. S. 81; *Domagalski* v. *Springfield Fire & Marine Ins. Co.*, 218 App. Div. 187; *Kantor Silk Mills, Inc.*, v. *Century Insurance Co., Ltd.*, 223 id. 387; affd., without opinion, 253 N. Y. 584.)

On the trial, however, plaintiff seems to have abandoned its computations to show " loss out of sight " and to have relied, instead, upon the memory of its officer, Louis Kramer, who professed to have a personal recollection that certain articles of merchandise which were in the stock room prior to the fire were not there after the fire, nor in the inventory of loss, and could be accounted for only as having been burned out of sight. The photographs taken immediately after the fire, with which Kramer was confronted, demonstrated that this attempt to show such loss was equally fraudulent. It is unnecessary to detail the inconsistencies and manifest falsehoods into which he became involved in endeavoring to substantiate the claim of loss by this method. Testifying solely from recollection or imagination, he was able to recite merchandise of the value of only $1,300, although he claimed such loss amounted to $3,500. The attempt by this witness to locate such merchandise prior to the fire, in the face of the photographs showing the actual situation and the fact that this " flash " fire had not burned anything at all out of sight, was as futile as the attempt to show such a loss by computations from the books.

In our opinion it appears conclusively that plaintiff made false and fraudulent representations with respect to damage, and that, therefore, the policies were voided; and so the judgment should be reversed on the law, with costs, and the complaint dismissed, with costs. The appeal from the order denying the motion to set aside the verdict and for a new trial should be dismissed.

LAZANSKY, P. J., CARSWELL, DAVIS and CLOSE, JJ., concur.

Judgment reversed on the law, with costs, and complaint dismissed, with costs. Appeal from order denying motion to set aside the verdict and for a new trial dismissed.