Jasen, J. (dissenting).
While I agree with the majority that the trial court correctly charged the effect of a finding by the jury of fraud perpetrated by the plaintiff, the court did not instruct the jury, as requested,[1] that a presumption of fraud may arise where evidence discloses that the plaintiff in his proof of loss has valued any of the items listed exorbitantly and far beyond any intrinsic or real value. It is for that reason a reversal and new trial is required.
At the trial, the plaintiff testified that on November 17, 1969, he dined with a friend, Sheldon Bloom. After dinner, they proceeded to a club owned by Bloom. Plaintiff returned home at about 3:30 the following morning. As he entered the vestibule of his apartment building, he was accosted, at knife-point, by an unidentified black male who forced plaintiff to lead him up to his apartment. There, according to plaintiff’s testimony, he was ordered to remove all his clothes and lie naked on a pull-out couch, face down. During the next one and one-half hours, the thief threatened plaintiff several times and inflicted several surface scratches with the knife. Before leaving plaintiff’s apartment, the robber filled plaintiff’s two pullman suitcases and two shopping bags with some of plaintiff’s possessions. By this time plaintiff had turned around so that he was watching the thief. Before the thief left, he took hold of the telephone cord as though to cut it, but he refrained from doing so when plaintiff promised not to call the police.
Once the ordeal had ended, plaintiff neither called the police nor made an inventory to determine his loss. Instead, he returned to Bloom’s club and related the story to him. Plaintiff finally reported the incident at 6:00 a.m. that morning, but even then he went to the 17th Precinct near the club, rather than the 19th in which his apartment was located. Plaintiff eventually returned to his apartment at about 7:30 a.m. The first police officer arrived shortly before 9:00 a.m. The police report compiled after that visit showed that plain *1001 tiff had indicated that only a few items—$580 in cash, a fur coat, two watches, four rings, and a set of cuff links—were missing. The total value plaintiff placed on these items was $2,560.[2] Nevertheless, after conferring with his attorney, plaintiff managed to compile a list of more than 50 items worth $19,572.70 which he claimed were stolen in the robbery.[3] The proof of loss which plaintiff’s attorney prepared and submitted showed a total claim of $14,692.70 against a policy limit of $10,000.
At trial, plaintiff did not offer into evidence a single original bill for any of the items, claiming that he did not keep bills. What few bills were submitted were admittedly prepared after the robbery and might be of questionable validity. Plaintiff also explained that some of these clothing items had been given to him as commissions for referring customers to certain clothiers in 1969. However, plaintiff’s income tax return for that year reported no salary or wages.
On this appeal, plaintiff’s attorney quite candidly admits in his brief that the facts are "bizarre and fantastic” but claims that plaintiff’s version is not incredible as a matter of law. While it may be argued that plaintiff’s version of the facts was not incredible as a matter of law and that we cannot now pass on the weight of the evidence or credibility of witnesses, I am of the view that upon proper instructions the jury might have concluded, upon the evidence presented at trial, that all or part of plaintiff’s claim was fraudulent, thereby barring any recovery under the policy.[4]
*1002 In Saks & Co. v Continental Ins. Co. (23 NY2d 161, 165-166), an action involving an equally fantastic claim, we set out the test by which fraud may be established in this type of case: "When an insured can only prove a small percentage of his claimed loss a presumption arises that the statement of value and quantity set out in his proof of loss is false and fraudulently prepared. This presumption, however, becomes conclusive where it is shown that the difference between the amounts claimed in the proof of loss and those actually proved to have been destroyed are grossly disparate and the explanation tendered is so unreasonable or fantastic that it is inescapable that fraud has occurred.” (Emphasis added.) (See, also, Domagalski v Springfield Fire & Mar. Ins. Co., 218 App Div 187, 190; cf. Boynton v Andrews, 63 NY 93, 96.)
Here, plaintiff offered documentary proof for only a very small percentage of his claimed loss. That fact alone, under the Saks doctrine, gives rise to the presumption of fraud. As in Saks, that presumption may have become conclusive due to the substantial difference between those amounts claimed and those proved and due also to the fantastic and unreasonable explanation tendered. Since the presumption places a burden on the plaintiff to rebut it (Richardson, Evidence [10th ed], § 58, p 36), the defendant was entitled to his requested instruction on presumption of fraud to permit the jury to determine whether the disparity was such as to give rise to the presumption and, if so, whether the plaintiff rebutted that presumption.
Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum; Judge Jasen dissents and votes to reverse in a separate opinion in which Chief Judge Breitel concurs.
Order affirmed, without costs.

. The defendant requested that the court charge the jury as follows: "If you find that the plaintiff in his proof of loss, or in his examinations before trial or in the examination under the policy has valued any of the items listed exorbitantly and far beyond any intrinsic or real value, it will raise a strong presumption that the valuation was not made in good faith and was made for fraudulent purposes. This presumption will be conclusive unless you find that the plaintiff has rebutted it by evidence which fully explains the apparent bad faith.”

. This amount excludes the value of the fur coat which was insured under a separate policy not involved in this case.

. This new list included a camera (valued at $149.50), the two suitcases ($440 each), one pair of silk knit pants and two matching tops ($318), five imported silk shirts ($125 each), a suede jacket and a suede coat ($275 and $375, respectively), one pair of leather pants ($220), two sweaters ($75 each), six suits ($275 each), two evening suits ($500 each) and a cashmere overcoat ($397.50). Also included were 12 objets d’art allegedly ranging in value from $350 to $2,000 (total value $8,145) and 18 pieces of jewelry, the claimed value of which easily exceeded the $250 policy limit for jewelry.

. The insurance policy under which plaintiff sues here contained the following standard provision as required by subdivision 6 of section 168 of the Insurance Law: "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof * * * or in case of any fraud or false swearing by the insured relating thereto.” Under such a clause, even where an insured has suffered an actual loss as to part of the included items, where the insured fraudulently includes additional items in his proof of loss, the entire policy is vitiated and no recovery is permitted thereunder. (Saks & Co. v Continental Ins. Co., 23 NY2d 161, 165.)