GEORGE HARVEY, Respondent, *v.* ALEXANDER CHERRY et
al., Appellants.

One of two or more joint owners or owners in common of property may
insure his interest separately against loss by fire; and in case of loss is
entitled to recover and retain the insurance.

Plaintiff having a lien upon certain premises, entered into an arrangement
with other incumbrancers, among them defendant C., that C. should bid
off the premises on a foreclosure sale for the benefit of the parties to the
arrangement. C. accordingly became the purchaser, and· thereafter
executed a declaration of trust, declaring, among other things, that the
purchase was for the benefit of plaintiff to the extent of his lien; that
C. was to manage the property for the benefit of all, and ultimately to
sell and divide the proceeds. C. having refused, when requested by
plaintiff, to insure the property to an amount desired by him, he procured
certain policies of insurance in the name of C. as the insured, but loss
payable to plaintiff "as his interest may appear;" he paid the premium;
a loss occurred. In an action to determine who was entitled to the
insurance money, *held*, that plaintiff had an insurable interest, and only
that interest was covered by the policies; that C. had no right to the
money in law or equity; and that the fact that plaintiff had an interest
in common with others in the preservation of the property did not, under
any principle of public policy, prevent him from insuring his interest
separately, or require him to turn over the moneys to the trustee.

The rule prohibiting one standing in the same relation with others to
property, or standing in a fiduciary relation·with others, from taking a
title or advantage to their prejudice, has no application to such case.

(Argued February 18, 1879; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Supreme
Court, in the third judicial department, affirming a judgment :
in favor of plaintiff, entered upon the report of a referee.
(Reported below, 12 Hun, 283.)

This action was brought to determine the conflicting claims
of plaintiff and defendant, Cherry, to certain insurance money
in the hands of the other defendants as the personal repre-
sentatives of John H. White, deceased.

The referee found substantially the following facts:

Prior to March 2, 1872, one Charles R. Brown was the
owner of certain real estate in Saratoga Springs known as

the Grand Central Hotel. For the purpose of raising the necessary funds for erecting a hotel thereon, Brown executed a mortgage upon the property, to trustees named therein, for the sum of $200,000, to secure bonds sold and to be sold, not exceeding that sum. The plaintiff had furnished material and performed work, labor and services, in the erection of said hotel, to the amount of $15,000, and had duly filed a mechanic's lien. Upon March 2, 1872, the plaintiff procured a judgment, foreclosing said mechanic's lien. About that date the plaintiff procured the hotel erected on said premises to be insured to the amount of $15,000, to secure his interest therein. Before making said mortgage for $200,000, one Henry A. Clarke held a mortgage on said premises, which was a prior lien thereto. Clarke foreclosed his said mortgage, making all subsequent incumbrancers parties.

Before the sale upon said foreclosure, plaintiff and sundry of the holders of bonds, the defendant Alexander Cherry being one, entered into a combination or agreement, by which Cherry was to bid off the premises on the foreclosure sale, in trust for the benefit of said associates, and to manage the property for their benefit. It was agreed between them that the plaintiff's interest in said purchase should be such part thereof as $15,000 bore to the whole amount of interests represented in said combination. Said agreement was carried into effect. Cherry became the purchaser on the foreclosure sale, and afterwards executed a declaration of trust, and managed said property and effected insurance for common benefit. The plaintiff and his associates contributed large sums of money in clearing off incumbrances and protecting said property. After the sale to Cherry, as trustee, the insurance which plaintiff had effected upon said premises having become void, he caused to be issued five other policies of insurance covering said premises, amounting in the aggregate to the sum of $15,000. Plaintiff procured said policies for his own protection, paid the premiums therefor, and took said policies into his own possession. They were made payable to the plaintiff as his interest might

appear. They were issued in form to Cherry, but were intended for the plaintiff's security only. Cherry had previously declined effecting additional insurance for the benefit of the associates. While said policies were in force, and about October 1, 1874, the buildings on said premises were destroyed by fire. The insurance companies were willing to pay on said policies the sum of $9,753.64, and the plaintiff was willing to accept that sum. Before the companies would pay, or could be required to pay, it was necessary that defendant Cherry should receipt therefor and join in the proof. Cherry claimed that the moneys belonged to him as trustee, for the benefit of all the associates, and would not consent that the plaintiff should receive the same, and in order that the same might be received from the insurance companies, it was agreed between plaintiff and Cherry that both parties should join in procuring payment from said companies, and that the same should be received by defendant White, who should hold until it should be determined who was entitled thereto. White assented to the agreement, and the money was paid to him accordingly.

The referee directed judgment, requiring White to pay over the money to plaintiff.

Judgment was entered accordingly.

*Jno. C. Hulbert,* for appellants. Plaintiff had no insurable interest in the property. (*Burhans* v. *Van Zandt,* 7 N. Y., 523, 527; *Van Horn* v. *Fonda,* 5 Barb. Ch., 407; *Mitchell* v. *Reed,* 61 N. Y., 126; *Adams* v. *Outhouse,* 45 id., 318; *Getty* v. *Devlin,* 45 id., 403; *Struthers* v. *Price,* 51 id., 357.)

*Harrington Putnam,* for respondent. The plaintiff, being an equitable part owner of the property insured, had an insurable interest. (*Rohrback* v. *Germania F. Ins. Co.,* 62 N. Y., 47; *Locke* v. *North Am. Ins.,* 13 Mass., 61.) The form of the policies to plaintiff, as payee, cannot of itself, after plaintiff's right is vested by the occurrence of a loss,

enable the nominal assured to prejudice the payee's interest. (*Ennis* v. *Har. F. Ins. Co.*, 3 Bosw., 516; *Ripley* v. *Ætna F. Ins. Co.*, 29 Barb., 552; *Pitney* v. *Glen Falls Ins. Co.*, 65 N. Y., 6; *Cone* v. *Niagara F. Ins. Co.*, 60 id., 619; *Pratt* v. *N. Y. C. Ins. Co.*, 64 Barb., 589; *Chamberlain* v. v. *N. H. F. Ins. Co.*, 55 N. H., 249, 257, 261.) Insurance policies are mere personal contracts, enuring solely to the benefit of the parties. (*Lynch* v. *Dalzell*, 4 Brown. Parl. C., 431; *Carpenter* v. *Prov. Wash. Ins. Co.*, 16 Pet., 495, 506; *Carter* v. *Rockett*, 8 Paige, 431; *Wyman* v. *Prosser*, 36 Barb., 368; *Stilwell* v. *Staples*, 19 N. Y., 401; *Grant* v. *Hill*, 4 Taun., 380; *Lerow* v. *Wilmarth*, 9 All., 382; *Steele* v. *Frank. Ins. Co.*, 17 Penn. St., 290; May on Ins., § 456.) The position of defendant Cherry, as trustee of the legal title to the property insured, gave him no claim to appropriate the proceeds of plaintiff's insurance. (*Cairncrose* v. *Lorimer*, 3 Macq. H. L. C., 827, 829.) The fact that various bondholders have also equitable claims against Cherry, as trustee, growing out of the common subject of ownership, did not, by reason of any supposed community of interest, prevent the plaintiff from protecting himself by insurance. (*Van Horne* v. *Fonda*, 5 Johns. Ch., 388; *Holdridge* v. *Gillespie*, 2 id., 30; 4 Kent Com., * 167; *Dobson* v. *Land*, 8 Hare, 216; *Waring* v. *Loder*, 53 N. Y., 581, 584; *King Lt. Mu. F. Ins. Co.*, 7 Cush. [Mass.], 1; *Leeds* v. *Cheetham*, 1 Sim. Ch. 150; *Ely* v. *Ely*, 80 Ill., 532, 540; *Glenny* v. *Stedwell*, 64 N. Y., 123; *Clegg* v. *Edmondson*, 9 De Gex, M. & G.,787; *Prevost* v. *Gratz*, 1 Pet. C. C., 368; *Wilson* v. *Jones*, L. R., 2 Exch., 139; 2 Am. La. C., 619; *Lawrence* v. *Van Horne*, 1 Cai. T. R., 276; *Miller* v. *Eag. Ins. Co.*, 2 E. D. Smith, 299; *Turner* v. *Burrows*, 5 Wend., 541; 8 id., 144; 24 id., 276; *Garrell* v. *Hanna*, 5 H. & J., 412.)

DANFORTH, J. The defendant took many exceptions to the referee's findings of fact, but as he fails to point out in what respect any one of them is unsupported by evidence, it is unnecessary to consider them. The referee, from his

findings of fact, concluded, as matter of law, that the plaintiff was entitled to the money in question. This decision presents the only question to be determined upon this appeal.

1. The plaintiff had an insurable interest in the property covered by the policies. He was not only a creditor, but had, by proceedings duly instituted, acquired a lien upon the premises to the amount of $15,000, and perfected the same by judgment. This was not lost by the arrangement under which the property was bought by defendant Cherry, for in the declaration of trust executed by him it is declared that his purchase was, among other things, in the interest and for the benefit of George Harvey, (the plaintiff) to the extent of a lien held by him amounting to $15,000, besides interest. Under the same agreement and for the benefit of the same parties, the premises were to be leased and ultimately sold, and the proceeds distributed to this plaintiff, among others, and his share applied in discharge of his lien. If a surplus remained, that also was to be divided between him and others, who had become parties to the agreement. He was thus directly interested in the preservation of the property insured, and was so circumstanced with respect to it as to have a benefit from its existence, and prejudice or damage from its destruction. He was therefore entitled to protect this interest and guard against this prejudice by insurance. No right of property in the thing insured was required ; it was enough that the plaintiff was so situated as to be liable to loss if it was destroyed by the perils insured against. (1 Arnould on Ins., § 105 ; *Herkimer, Adm'r*, v. *Rice*, 27 N. Y., 163–173 ; *Tyler* v. *Ætna Fire Ins. Co.*, 12 Wend., 507 ; *Rohrbach* v. *Germania Fire Ins. Co.*, 62 N. Y., 47.)

2. By the terms of the policies the loss was payable to the plaintiff. The money has been paid over, and the rights of the plaintiff conceded, so far as the insurance companies are concerned. The defendant Cherry has no right to it, in law or equity. He refused to procure the insurance, and the policies when issued covered only the interest of the plaintiff, although taken in the name of the defendant Cherry, he

holding the legal title. It was, however, a mere personal contract inuring solely to the benefit of the plaintiff. I am unable to see how the defendant has acquired any title to or interest in the proceeds of the insurance. It is well settled, that the intention of the party effecting an insurance at the time of doing so must govern the future use of it ; and that no one can entitle himself to the benefit of it, without showing that his interest was intended to be embraced by it when it was made. (*Carter* v. *Rockett*, 8 Paige, 438.) It therefore cannot be said that the money received on the policies stands in the place of the property destroyed ; although, if it were otherwise, the defendant would be in no better condition, for he might have procured additional insurance, notwithstanding the policies issued to the plaintiff.

3. It is urged, however, that the claim of the plaintiff is against public policy and void, and that this is so because the plaintiff had an interest in common with others in the preservation of the thing insured; that he could, therefore, have no separate transaction in regard to it ; that the insurance should inure to the common benefit, and therefore be paid to the defendant Cherry for distribution or use under the trust deed. It may be assumed that the plaintiff incurred certain responsibilities by reason of the relations which the trust and his assent thereto created between himself and other creditors having an interest in the premises referred to in the trust deed. He agreed, in substance, to forego certain rights as a judgment creditor or lienor, to forbear the enforcement of his judgment and permit the property to be purchased on foreclosure by Cherry, who should manage and finally sell it for the benefit of all. He agreed to respond to certain assessments, and consented that the expenses of management, and, among others, insurance should be paid from the rents, when received, and the proceeds of sale, when made, and he has complied with the obligations thus incurred. Did he also agree to refrain from any measure of individual protection ? Did he part with the right, which before the execution of the trust deed he had, to insure his interest in the

property? Or coming more nearly to the facts in this case, did he agree to be bound by the judgment of the trustee, as to the extent of insurance? And if, on application, the trustee refused to procure as much insurance as the plaintiff thought desirable, was he debarred from procuring the same at his own expense; or having, under these circumstances, procured it, is he now bound to place the moneys received as his indemnity for loss, in the hands of the trustee, who had refused to procure the policies? Such is the appellant's claim. In support of it he refers to no agreement, but cites a rule of law by which one is bound to protect the interest of those who stand in the same relation with himself to property, and is forbidden to take a title or advantage to their prejudice, and which makes the title or advantage inure to the common benefit. But this case is not within the rule. The insurance obtained by the trustee upon the trust property was, in the opinion of the plaintiff, inadequate; in the opinion of the trustee it was sufficient, and he refused to extend it. The plaintiff, having in vain urged the trustee, acts for himself. Does he thereby prejudice the other beneficiaries, or by his foresight and diligent care of his own interests, exerted after due notice to the trustee, create an equity which will permit the latter to deprive him of the advantage so acquired? Clearly not. The referee finds that the trustee had previously declined effecting additional insurance for the benefit of the associates. He cannot now have the benefit of the policies obtained, after such refusal, at plaintiff's expense. The plaintiff was guilty of no unfair dealing, nor did he violate the letter or spirit of the contract by which he was bound. I have examined the various cases referred to by the learned and diligent counsel for the appellant, but can find none which supports his position. They relate to the acts of persons standing in a fiduciary relation to others, and who are, therefore, held incapable of raising in themselves an interest adverse to that of the party for whom they act. No such relation existed between this plaintiff and his fellow creditors, in reference to the matters included in this contro-

versy.  His duty was defined by the trust deed.  That duty he performed.  His act in procuring insurance on his separate interest was no infringement of any obligation imposed by that deed.  It was wholly outside of it.  There was no fraud, no concealment, nor any advantage taken by him either of the trustee or of the beneficiaries.  There would be force in the appellant's argument, and the cases cited by him would apply, if, under the arrangement relating to the property, it was made the duty of the plaintiff to insure it for the mutual benefit of the beneficiaries ; but it was not. That duty rested upon the defendant ; and it was only when he refused to discharge it, according to the measure of the plaintiff's wishes, that the latter took care of his own interest in the property.  In doing so, he worked no injury to others, and violated no trust or confidence reposed in him.

If the plaintiff, and defendant Cherry, and those whom the latter represents under the trust deed, are regarded as joint owners or owners in common of the property insured, the appellant's position is equally untenable.  Their interests are as distinct for all purposes of indemnity against loss, and, therefore, of insurance, as if they owned different and distinct things, and hence an insurance affected by one will not serve to protect the share or interest of another.  In *Lawrence* v. *Van Horne*, 1 Cai., 276, it was argued that : " Every man who is an owner of an undivided part may insure his part, and bring an action on it ; for a joint connection will not prevent the insurance of what one has ; " and so the court held.  Judge WOODRUFF, in delivering the opinion of the court in *Miller* v. *Eagle L. and H. Ins. Co.*, 2 E. D. Smith, 268, says at page 299 : " I am not aware of any rule or principle that prevents one of two joint owners or co-partners insuring his separate share or property held in common.  *  *  *  On no principle could the amount recovered be deemed joint property."  We have already seen that the trust deed imposed no obligation on the plaintiff to insure the property for the benefit of the owners ; nor was he, as part owner, under any such obligation : (5 Burr.,

2727.) In *Turner* v. *Burrows*, 5 Wend., 541, the plaintiff claimed to recover one-sixth of the amount of moneys received by the defendant under a policy of insurance on a brig, in which they were jointly interested, the plaintiff owning one-sixth, and the defendant five-sixths. The defendant obtained a policy, and a loss occurring, received the whole insurance. The plaintiff was nonsuited, and a new trial denied, SAVAGE, Ch. J., saying : "It is well settled in this State that a part owner may insure his individual interest ;   *   *   *   it is sufficient if he has an insurable interest to the amount in question ; " and the judgment was affirmed in the Court of Errors : (8 Wend., 144.) I see no ground, therefore, upon which the appellant can be entitled to the moneys in question.

Another exception is presented by the appellant to the exclusion by the referee of a memorandum offered in evidence by the defendant. We think the ruling was correct. The paper was prepared by the witness, the defendant ; had never been submitted to the plaintiff, or produced in his presence ; and the various items contained in it had all been testified to by the witness. He testified as one possessing a distinct recollection of all the facts. There was, therefore, no necessity for the introduction of the memorandum : (*Russell* v. *H. R. R. R. Co.*, 17 N. Y., 134, 140.)

The judgment should be affirmed.

All concur.

Judgment affirmed.