JOSEPH DOMAGALSKI, Respondent, *v.* SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY, Appellant.

Fourth Department, November 9, 1926.

**Insurance — fire insurance — action to recover on policy for fire loss — defense that plaintiff fraudulently overstated quantity of property destroyed — policy, New York standard, contains invalidating clause in case of fraud or false swearing by plaintiff — evidence shows fraudulent overstatement of property destroyed and that fire was of incendiary origin — jury awarded twenty-two per cent of what plaintiff claimed was value of property — finding of jury creates presumption that statement in proof of loss was false and fraudulent — jury's finding in connection with evidence shows verdict to be contrary to evidence.**

In an action by an insured to recover on a policy of fire insurance, it appeared that the insured, a tailor, occupied a shop consisting of one room about nineteen feet square; that he carried insurance to the amount of $15,000; that the clause in the policy, a New York standard insurance policy, provided that the policy would be void in case of any fraud or false swearing by insured.   Plaintiff's proof of loss stated that the property was valued at $24,361.10, that his loss was $22,761.10, and that he had in stock 3,895 yards of cloth, while a few days after the fire the cloth, which was not totally destroyed, was found to amount to 800 yards, and the evidence also tended to show that the fire was of incendiary origin.   The jury returned a verdict of $5,000, or twenty-two per cent of the loss claimed.   Apparently the jury disregarded the invalidating clause and its finding of a loss of twenty-two per cent is strong presumptive evidence that the plaintiff was guilty of fraud and false swearing in his statement of loss in that he either included property not owned, or placed a false or fraudulent value

upon it, and the finding of the jury taken in connection with the other evidence in the case shows that the verdict is contrary to the weight of evidence and that a new trial should be granted.

APPEAL by the defendant, Springfield Fire and Marine Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 13th day of February, 1925, upon the verdict of a jury, as amended by an order entered in said clerk's office on the 18th day of March, 1925, and also from an order entered in said clerk's office on the 18th day of March, 1925, denying defendant's motion for a new trial made upon the minutes.

*Shire & Jellinek* [*James M. H. Wallace, Cleveland Pond* and *Joseph Swart* of counsel], for the appellant.

*H. A. Constantine* [*Glenn A. Stockwell* of counsel], for the respondent.

HUBBS, P. J. The plaintiff before and at the time in question was a tailor. He occupied a shop in Niagara Falls, consisting of one room about nineteen feet square. All work was done in that room. It also contained his showcases, shelving and stock. He carried insurance upon his stock and supplies amounting to $15,000. It was carried by different companies which wrote concurrent policies.

On the night of February 14, 1922, a fire occurred in the plaintiff's shop which caused a damage to his stock. The defendant and the other insurance companies interested declined to pay the loss claimed by the plaintiff. The answer of the defendant alleges that the plaintiff fraudulently caused the fire, that he fraudulently overstated the quantity of property destroyed and the amount of his loss, and that he failed to appoint an appraiser as required by the policy.

In the proof of loss the plaintiff stated that the value of the property covered by the policy was, at the time of the fire, $24,361.10, and the total loss and damage was $22,761.10. He so testified at the trial. The learned trial justice submitted to the jury the three defenses pleaded by the defendant. The jury found a verdict in favor of the plaintiff which established the plaintiff's loss at $5,000, or $17,761.10 less than stated in the proof of loss and testified to by the plaintiff at the trial.

The plaintiff did not keep books of account. He did not keep a bank account. At the trial he could not produce bills for most of the goods which he claimed to have lost. He could not tell of whom he purchased most of them. He did not have an inventory of his stock. He claimed that he had taken one before the fire

and carried it in his pocket until it became worn and dirty and that he threw it away after the fire, but he testified that a paper produced was a copy made after the fire. The fire did not entirely destroy the cloth in stock, but damaged it. Five days after the fire the plaintiff pointed out the cloth to the defendant's adjuster and stated that there were 800 yards. The proof of loss stated that there were 3,895 yards in the stock. At the trial the plaintiff contended that the difference of 3,095 yards had been lost or stolen since the fire.

Disinterested witnesses, including the chief of the fire department, testified that there were four separate fires in the building on three separate floors, starting from the basement. Cloths saturated with kerosene were found in different places in the building. The plaintiff testified that he did not set the fires, and attempted to explain the difference in the amount of cloth in the store after the fire and the amount claimed to have been there as stated in the proof of loss. The jury found in his favor after reducing the amount claimed to have been lost over seventy-eight per cent.

The policy in question, a New York standard policy, contained the following provision: " This entire policy shall be void  *  *  * in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss." This clause of the policy makes clear that the general rule of insurance law requiring good faith and fair dealing applies to fraudulent statements and false swearing made by an assured after a loss. Courts have been assiduous to prevent the use of the clause to bar a recovery where the alleged fraud or false swearing was not intentional, or the false statements were matters of opinion honestly, although mistakenly, held by the assured. On the other hand, they have not hesitated to hold that a recovery would not be permitted if it clearly appeared that the assured had intentionally made false and fraudulent statements or intentionally sworn falsely. Under such circumstances it has been held that the assured was barred from recovering by the terms of the policy.

Juries are prone to disregard a defense based on the clause in question and no doubt justify such action on the ground that the insurance company will not be injured if the verdict does not exceed the amount of the actual damage suffered. There is no justification in law for such conduct. When the insurance company establishes that the statements made were relevant, material and intentionally false it has established its defense. It is not required to assume the burden of convincing a jury that it has been

injured by such statements. If it appears that a plaintiff has willfully and fraudulently placed in the proofs of loss a statement of property lost which he did not possess, or has placed a false and fraudulent value upon the articles which he did own, he is not entitled to recover anything. (Clement, Fire Insurance, rule 20, p. 285; 26 C. J. 383; *Furlong* v. *Agricultural Insurance Co.,* 28 Abb. N. C. 444; *Claflin* v. *Commonwealth Insurance Co.,* 110 U. S. 81; *Sternfeld* v. *Park Fire Insurance Co.,* 50 Hun, 262; *Anibal* v. *Insurance Co. of North America,* 84 App. Div. 634.)

The learned trial court correctly stated to the jury the rules of law applicable. The finding of the jury that the value of the property insured was only about twenty-two per cent of the value stated in the proof of loss created a very strong presumption that the statement of the value and quantity of goods contained in the proof of loss was false and fraudulent. That finding, in connection with the evidence in the case, makes the verdict of the jury contrary to the weight of the evidence. (*Furlong* v. *Agricultural Insurance Co., supra.*)

The judgment and order should be reversed on the facts and a new trial granted, with costs to the appellant to abide the event.

CLARK, SEARS, CROUCH and TAYLOR, JJ., concur.

Judgment and order reversed on the facts and new trial granted, with costs to appellant to abide the event.