■ IRENE H. GRAZIANE, Respondent, v NATIONAL SURETY CORPORATION et al., Respondents, and NICHOLAS A. GRAZIANE et al., as Administrators of the Estate of CARL GRAZIANE, Deceased, Intervenors-Appellants.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered December 20, 1984 in Montgomery County, which granted (1) defendants' motion to enforce a settlement agreement, designate them as stakeholders, allow them to pay the settlement proceeds into court and be discharged from any further liability, and (2) plaintiff's cross motion to enforce the settlement agreement and determine that intervenors have no claim against the settlement.

This appeal involves a dispute over the insurance proceeds on a barn and its contents which were destroyed by fire in

1974. This controversy has reached this court on three separate prior occasions *(Graziane v National Sur. Corp.,* 102 AD2d 950; *Graziane v Continental Cas. Co.,* 75 AD2d 678; *Graziane v Firemen's Ins. Co.,* 63 AD2d 1087, *lv denied* 45 NY2d 711). However, this is the first instance in which the merits of the action have been determined.

The facts are essentially uncontradicted. In 1974, plaintiff, Irene H. Graziane, and intervenor, Carl Graziane,* who were married at that time, were named insureds on certain fire policies on the barn and its contents. The policies provided that the insureds were beneficiaries to the extent of each party's interest in the property. During the marriage, legal title to the premises was placed solely in plaintiff's name. Subsequently, the marriage broke up and divorce proceedings were initiated. In those proceedings, intervenor was successful in obtaining a judicial determination that he was the equitable owner of one half of the property.

Plaintiff and intervenor subsequently filed separate proofs of loss with the fire insurance companies, who resisted the claims for reasons not relevant to the instant action. Thereafter, both plaintiff and intervenor commenced separate actions against the companies. Intervenor's action was dismissed for the reason that it was commenced more than one year from the date of the loss.

Following the final dismissal of intervenor's action, plaintiff and defendants commenced settlement negotiations which culminated in an agreement whereby defendants agreed to pay to plaintiff $17,500 for the insurable loss that she sustained. The total exposure under the policies was $35,000. Plaintiff was to be paid for one half of the total exposure because her ownership interest in the property was one half of its total value. Before payment was effected, intervenor obtained court approval to intervene in the action and objected to defendants' payment of any amount of money to plaintiff.

The matter presently before this court arises from defendants' motion for an order enforcing the settlement agreement entered into by plaintiff and defendants prior to intervention. Plaintiff cross-moved for enforcement of the settlement agreement and further requested a determination that intervenor had no interest in the settlement amount. Special Term

---

* Carl Graziane died August 8, 1983. His estate is now represented by Nicholas A. Graziane and Tina M. Graziane, as administrators. Future references to "intervenor" will refer to either Carl Graziane or the administrators of his estate.

granted defendants' motion to enforce the settlement agreement, designated them as stakeholders, ordered them to pay the settlement amount plus interest into court and discharged them from any further liability. Special Term also granted plaintiff's cross motion and determined that intervenor had no interest in the insurance settlement proceeds because the settlement only involved plaintiff's interest in the property and did not involve intervenor's interest, which had been extinguished by the Statute of Limitations. This appeal by intervenor ensued.

Intervenor contends that Special Term erred in holding that he was not entitled to share in plaintiff's negotiated settlement with defendants. We find no merit in this contention. The proceeds of an insurance policy are personal property resulting from the contractual relationship between the insured and the insurer *(Hawthorne v Hawthorne,* 13 NY2d 82). The contractual language of the insurance policy affects the rights to the proceeds of a policy with more than one named beneficiary *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 258; *Etterle v Excelsior Ins. Co.,* 74 AD2d 436, 441). Absent specific language to the contrary, the policy will be construed as covering the interest of each spouse separately *(Krupp v Aetna Life & Cas. Co., supra).* Where one individual with an interest in property has obtained insurance to protect his interest and another person with an interest in the same property fails to protect his interest, the imprudent person who failed to obtain protection does not have a right to recover against the covered individual in the event the property is damaged or destroyed *(see, Harvey v Cherry,* 76 NY 436).

Here, the evidence before Special Term conclusively established that plaintiff owned one half of the insured property. The insurance policies provided coverage to the parties "as their interest may appear". Plaintiff's negotiations in conjunction with her action were clearly maintained only on behalf of her interest in the property and were not at any time represented to be on behalf of intervenor as well as herself. Intervenor's independent proof of loss and his action against defendants is conclusive evidence that he did not rely upon the record title holder to establish his claim, but instead pursued his personal property right to one half of the insurance policies' coverage based on his judicially established one-half equitable ownership of the insured property. He lost his remedy due solely to his failure to timely pursue his claim. It would be a miscarriage of justice to reward intervenor for his

failure to diligently pursue his claim, particularly when to do so would take away from the diligent claimant one half of her entitlement.

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.