■ NATIONAL SUPERLEASE, INC., Appellant, v RELIANCE INSURANCE COMPANY OF NEW YORK et al., Respondents.—In an action to enforce policies of insurance issued by Reliance Insurance Company of New York (hereinafter Reliance) to National Superlease, Inc. and to recover damages for an alleged wrongful cancellation of said policies, the plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated January 28, 1985, which granted the defendants' motion for summary judgment.

Order affirmed, without costs or disbursements.

The facts underlying this action have been fully set forth in the opinion of Special Term (see, *National Superlease v Reliance Ins. Co.,* 126 Misc 2d 988). On appeal to this court, the plaintiff contends that the policies in issue were valid and enforceable inasmuch as the plaintiff had an insurable interest in the vehicles which were covered thereunder. As an alternative ground, the plaintiff maintains that these policies should be held enforceable since they had been ratified by the defendant Reliance.

Insurance Law § 3401 provides: "No contract or policy of insurance on property made or issued in this state, or made or issued upon any property in this state, shall be enforceable except for the benefit of some person having an insurable interest in the property insured. In this article, 'insurable interest' shall include any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage."

Generally, a party possesses an insurable interest in the subject matter which is insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against (see, *Scarola v Insurance Co.,* 31 NY2d 411, 413). Applying the foregoing principle to the facts here extant, we conclude that the plaintiff did not have an insurable

interest in the vehicles covered under the policies issued by Reliance. The only pecuniary benefit which the plaintiff could possibly derive from the preservation of the vehicles was the continued ability to collect "membership fees" which, in actuality, constituted nothing more than insurance premiums. Similarly, the only pecuniary loss which the plaintiff would sustain from the destruction of or damage to the vehicles would be the loss of these membership fees.

With respect to the plaintiff's claim that it possessed an insurable interest in these vehicles by virtue of its status as the beneficiary under a trust executed by its members, we find that Special Term properly concluded that the "short-form trust agreement" and lease-back arrangement did not provide the plaintiff with a valid ownership interest in the insured vehicles. It is readily apparent that the trust agreement which named the plaintiff as beneficiary was created solely as a means of circumventing the provisions of the Insurance Law. A trust created to serve as a vehicle for illegal activity will not, however, be recognized or enforced by the court *(see, Matter of Sage,* 97 Misc 2d 790, 797). Furthermore, because the plaintiff reconveyed its equitable interest in the vehicles to its members, by virtue of the lease-back arrangement, both legal and beneficial title, in effect, remained with its members and the trust agreement was thereby extinguished by operation of the doctrine of merger *(see, Matter of Phipps,* 2 NY2d 105). Finally, as Special Term correctly noted, the Insurance Law does not sanction group automobile liability insurance *(see,* Insurance Law § 1113).

Equally unavailing is the plaintiff's second argument, that Reliance should be barred from raising the defense of illegality because it issued the policies and subsequently accepted premiums. The right to prospectively cancel an automobile liability policy procured through fraud and misrepresentation has been consistently recognized by the courts *(see, e.g., Aetna Cas. & Sur. Co. v O'Connor,* 8 NY2d 359; *Teeter v Allstate Ins. Co.,* 9 AD2d 176, *affd* 9 NY2d 655; *Middlesex Ins. Co. v Carrero,* 103 AD2d 694). We therefore conclude that upon confirmation of the plaintiff's lack of an insurable interest in the vehicles, Reliance properly elected to terminate future coverage. Although Reliance may not escape liability for claims which arose during the precancellation period *(see, Posner v United States Fid. & Guar. Co.,* 33 Misc 2d 653, *affd sub nom. Posner v New York Mut. Underwriters,* 16 AD2d 1013), the plaintiff cannot be permitted to request further enforcement of its otherwise illegal contract with Reliance

*(see, Bersani v General Acc. Fire & Life Assur. Corp.,* 36 NY2d 457). Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.