■ KYONG NAM CHANG, Doing Business as MAMA CARE, Respondent, v GENERAL ACCIDENT INSURANCE CO. OF AMERICA, Appellant. [598 NYS2d 178] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered April 22, 1992, which denied the defendant-insurer's motion for summary judgment pursuant to CPLR 3212 dismissing the complaint, unanimously affirmed, without costs.

The IAS Court properly determined that summary judgment dismissing the first cause of action of the plaintiff's complaint for breach of contract was precluded by triable issues of fact as to whether the plaintiff had willfully or intentionally misrepresented the extent of his present insurance loss and his prior loss history.

Although, as the defendant-insurer correctly asserts, the policy of insurance issued to the plaintiff, a recent Korean immigrant, for his store premises would be rendered void where the insured has "willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof", and where the plaintiff has " 'willfully and fraudulently placed in the proofs of loss a statement of property lost which he did not possess, or has placed a false and fraudulent value upon the articles which he did own' " *(Saks & Co. v Continental Ins. Co.,* 23 NY2d 161, 165, quoting *Domagalski v Springfield Fire & Mar. Ins. Co.,* 218 App Div 187, 190), nevertheless, it is the insurer which bears the burden of proving that the insured's alleged misrepresentations were, in fact, willful and intentional *(Deitsch Textiles v New York Prop. Ins. Underwriting Assn.,* 62 NY2d 999, 1001).

Here, the defendant-insurer's failure to tender any proof of an intent to defraud by the plaintiff, and the defendant's speculative and conclusory allegations of the plaintiff's alleged willful misrepresentation with respect to his present insurance loss and prior loss history, premised primarily upon the defendant's perception and evaluation of the testimony given by the plaintiff at examinations under oath and examinations before trial, which reveal the plaintiff's lack of command of the English language and repeated inability to fully comprehend and respond to the questions being posed, provide no basis for vitiating the policy of insurance, particularly where, as here, the IAS Court specifically found that the perceived concealment and misrepresentations may well have been the

result of ambiguity in the questions posed by the defendant and the plaintiff's difficulty with the language.

Nor did the IAS Court err in determining that summary judgment dismissing the second cause of action was precluded by ambiguity in the proof of loss provision of the policy of insurance as to whether a proof of loss was, in fact, required to be filed by the plaintiff for damages allegedly arising from business interruption due to the fire since the specific policy language merely requires the insured to provide a proof of loss stating "the actual cash value of each item thereof and the amount of loss thereto", thereby creating an ambiguity as to whether the proof of loss is required only for tangible items or also includes intangibles, such as business interruption.

Ambiguity in the proof of loss provision of the policy, which is subject to more than one reasonable interpretation, must be construed most favorably to the insured and strictly against the insurer, thereby placing the burden upon the insurer to establish a construction of the policy language which favors forfeiture and to prove that coverage does not exist or is limited (*Sincoff v Liberty Mut. Ins. Co.*, 11 NY2d 386, 390-391).

We have reviewed the defendant-insurer's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Asch and Rubin, JJ.