■ DAVID E. JUNIK et al., Respondents, v ALLSTATE INSURANCE COMPANY et al., Appellants. [619 NYS2d 987] —Order unanimously affirmed with costs. Memorandum: Defendants moved for summary judgment dismissing the complaint on the ground that plaintiffs failed to file a proof of loss, as alleged in their third affirmative defense. Plaintiffs raised a question of fact with respect to that defense by the affidavit of plaintiff David E. Junik, and thus defendants' motion was properly denied. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.

■ THOMAS S. GERSTNER FAMILY LIMITED PARTNERSHIP NO. 1, as Successor in Interest to THOMAS GERSTNER, Respondent, v CHUBB AND SON, INC., et al., Appellants. [619 NYS2d 988] — Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiff's motion for partial summary judgment. The unrefuted evidence establishes that the paintings insured by the policy that is the subject of this lawsuit were purchased with funds from Thomas Gerstner's partnership with Mark Skirvin. Thomas Gerstner thereby established that he would derive a pecuniary benefit from the preservation of the paintings or suffer a pecuniary loss from their destruction by the happening of the event insured against and thus that he had an insurable interest in them *(see, National Superlease v Reliance Ins. Co.,* 123 AD2d 608).

Defendants failed to demonstrate by evidentiary proof in admissible form the existence of a material issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Defendants' bare conclusory allegations that the circumstances of the burglary and loss were "suspicious" are insufficient to defeat the motion for summary judgment *(see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.