■ ST. IRENE CHRISOVALANTOU GREEK ORTHODOX MONASTERY, INC., Respondent, v CIGNA INSURANCE COMPANY, Appellant. [641 NYS2d 352] —In an action to recover damages for a property loss under the terms of an insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated February 8, 1995, as, upon reargument, adhered to a prior determination of the same court contained in an order dated December 1, 1994, which granted the plaintiff's motion for summary judgment to the extent of declaring that an insurance policy covering the plaintiff's loss was in effect.

Ordered that the order dated February 8, 1995, is reversed insofar as appealed from, on the law, with costs, so much of the order dated December 1, 1994, as granted the plaintiff's motion for summary judgment to the extent of declaring that an insurance policy covering the plaintiff's loss was in effect is vacated, and the plaintiff's motion for summary judgment is denied in its entirety.

The appellant contends that the Supreme Court erred by declaring that an insurance policy covering the plaintiff's loss was in effect because the plaintiff attempted to defraud the appellant by submitting false proof to substantiate its loss. Although the Supreme Court's declaration was premature, under the circumstances of this case, we reject the appellant's contention that the record establishes, as a matter of law, that the plaintiff intentionally engaged in fraudulent conduct thereby voiding the insurance policy (*see, Saks & Co. v Continental Ins. Co.,* 23 NY2d 161, 165; *Orr v Continental Cas. Co.,* 205 AD2d 599, 600; *Kyong Nam Chang v General Acc. Ins. Co.,* 193 AD2d 521). While the defendant established that the minute book which the plaintiff submitted as proof of the value of the stolen jewelry was not a contemporaneous record of the jewelry donated by its parishioners, there is an issue of fact about whether the book was created with a willful intent to defraud or to misrepresent material facts.

We have examined the defendant's remaining contentions and find that they are without merit. Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.