■ Pipo Bar and Restaurant, Inc., Respondent, v Certain Underwriters at Lloyd's at London, Defendant and Third-Party Plaintiff-Appellant. Teotonio Branco et al., Third-Party Defendants-Respondents. [792 NYS2d 82]—

In an action to recover damages for breach of an insurance contract, the defendant third-party plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 21, 2004, which denied its motion for summary judgment dismissing the complaint and for summary judgment in its favor against the third-party defendants on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for an inquest on the issue of damages in connection with the third-party claim.

The Supreme Court erred in denying the appellant's motion for summary judgment. After the appellant established its prima facie entitlement to judgment as a matter of law, the plaintiff

and third-party defendants failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The policy issued to the plaintiff insured is rendered void where the plaintiff has " 'willfully and fraudulently placed in the proofs of loss a statement of property lost which [it] did not possess, or has placed a false and fraudulent value upon the articles which [it] did own' " (*Saks & Co. v Continental Ins. Co.,* 23 NY2d 161, 165 [1968], quoting *Domagalski v Springfield Fire & Mar. Ins. Co.,* 218 App Div 187, 190 [1926]; *cf. St. Irene Chrisovalantou Greek Orthodox Monastery v Cigna Ins. Co.,* 226 AD2d 624 [1996]; *Kyong Nam Chang v General Acc. Ins. Co. of Am.,* 193 AD2d 521 [1993]). The plaintiff's fraudulent misrepresentations regarding the total loss of two pool tables following a fire vitiated the policy in accordance with its terms, and the appellant insurers properly disclaimed coverage. Luciano, J.P., Crane, Fisher and Lifson, JJ., concur.