■ MICHAEL F. CASSADEI, Appellant, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent. [799 NYS2d 687]—

Spain, J. Appeal from an order of the Supreme Court (Catena, J.), entered September 30, 2004 in Schenectady County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

This litigation involves a piece of residential real property—formerly the home of plaintiff's late parents—located at 1309 4th Street in the City of Schenectady, Schenectady County. Plaintiff, in his capacity as attorney-in-fact for his mother, executed a deed in 1987 purporting to convey the property from his mother to himself. Plaintiff's mother died in 1995 and his father died in 1998. In November 1999, plaintiff obtained a homeowners insurance policy from defendant covering the property. However, based on a deed executed by plaintiff's mother in 1987, plaintiff's sister asserted title to the property and commenced an action to quiet title (see RPAPL art 15). By order entered on December 22, 2000, Supreme Court (Lynch, J.) declared plaintiff's deed to be null and void given plaintiff's failure to rebut the presumption of impropriety and self-dealing inherent in such a transaction and recognized plaintiff's sister as the rightful owner of the property. Plaintiff apparently did not appeal that order, but nonetheless continued to make insurance premium payments to defendant through January 2001.

In late November and early December 2000, at a time when the property was not occupied, it was vandalized and sustained significant water damage, prompting plaintiff to file a claim with defendant on December 3, 2000. Soon thereafter, Supreme Court rendered its decision which established that plaintiff did not own the property. Defendant's investigation of the claim revealed that decision, as well as the fact that plaintiff's sister maintained insurance on the property through another carrier. In April 2001, defendant denied coverage on the ground, among

others, that plaintiff had no insurable interest in the property (*see* Insurance Law § 3401). Plaintiff then commenced the instant action, alleging breach of contract and unjust enrichment. On cross motions by the parties for summary judgment, Supreme Court (Catena, J.) granted summary judgment to defendant and dismissed the complaint. On plaintiff's appeal, we affirm.

In New York, "[n]o contract or policy of insurance on property made or issued in this state . . . shall be enforceable except for the benefit of some person having an insurable interest in the property insured" and an "insurable interest" is "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage" (Insurance Law § 3401). Defendant met its initial burden of establishing a prima facie entitlement to summary judgment by asserting plaintiff's adjudicated lack of title ownership, compounded by his misrepresentation to Supreme Court of this fact as late as March 2001 when, in his "Sworn Statement in Proof of Loss," he declared himself the fee owner of the property. Thus, the burden shifted to plaintiff to present a material question of fact as to whether he is " 'so situated as to be liable to loss if [the property is] destroyed by the peril insured against' " or that his interest in the property is " 'connected with its safety and situation as will cause the insured to sustain direct loss from its destruction' " (*Scarola v Insurance Co. of N. Am.*, 31 NY2d 411, 412-413 [1972], quoting *National Filtering Oil Co. v Citizen's Ins. Co. of Mo.*, 106 NY 535, 541 [1887]; *see* Insurance Law § 3401).

It has been finally established that the deed executed by plaintiff was a nullity, thus plaintiff never had any ownership interest in the property. Although ownership is not necessary to create an insurable interest (*see Scarola v Insurance Co. of N. Am.*, *supra* at 412-413), plaintiff failed to present evidence to establish that he had any right to possession.* At best, he enjoyed a license to use the property at the time of the loss. He kept certain personal possessions at the property, but his claim was limited to damage to the property itself and not to those personal items in which he might have an insurable interest. Accordingly, Supreme Court properly found that plaintiff failed

---

* At oral argument plaintiff asserted, for the first time, that he had a viable adverse possession claim to the property at the time of the loss. Inasmuch as this argument was not raised before Supreme Court, it is not preserved for appellate review. In any event, we note that the property was occupied by at least one of plaintiff's parents until October 1998. Accordingly, plaintiff would not be able to establish possession "exclusive of any other right" during the applicable 10-year statutory period (*see* RPAPL 511).

to raise a material question of fact precluding summary judgment (*see Judge v Travelers Ins. Co.*, 262 AD2d 983, 984 [1999]; *National Superlease v Reliance Ins. Co. of N.Y.*, 123 AD2d 608, 608-609 [1986], *lv denied* 69 NY2d 611 [1987]; *cf. Etterle v Excelsior Ins. Co. of N.Y.*, 74 AD2d 436, 440 [1980]).

We deem plaintiff's equitable claim based on unjust enrichment—which Supreme Court rejected in light of plaintiff's "self-dealing"—abandoned by his failure to assert the argument in his brief on appeal (*see Gibeault v Home Ins. Co.*, 221 AD2d 826, 827 n 2 [1995]). Finally, in light of our holding that plaintiff had no insurable interest in the property, we need not address the parties' arguments regarding the applicability of the various policy exclusions asserted by defendant.

Cardona, P.J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.