■ JEFFREY GILBERT, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [943 NYS2d 780]—

In an action to recover additional proceeds of a fire insurance policy, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated May 12, 2011, which denied his motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff owned property as a tenant in common with a business partner, Alice Gardner, who is not a party to this action. In 1996 the plaintiff procured a policy of fire insurance on the property from the defendant solely in his own name. On October 2, 2009, the premises were destroyed by a fire. The defendant paid the plaintiff one-half of the value of the property on the ground that the plaintiff had only a one-half insurable interest in the property. The plaintiff, arguing that a tenant-in-common has an undivided right to the full use, enjoyment, and possession of the entire property (*see Butler v Rafferty*, 100 NY2d 265, 269 [2003]), brought this action to recover the full value of the destroyed premises. The Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint. We affirm.

Insurance Law § 3401 limits a contract or policy of insurance to the insured's "insurable interest." When two cotenants own real property which is damaged by a fire and insurance is procured in the name of only one cotenant, recovery under the policy is limited to the insured cotenant's one-half interest in the real property (*see Graziane v National Sur. Corp.*, 120 AD2d 773, 775 [1986]; *Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252 [1984]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Balkin, Lott and Miller, JJ., concur.