■ RAYMOND AZZATO et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant. [951 NYS2d 726]—

The plaintiff Raymond Azzato and a nonparty, Richard Pleasants, purchased certain real property located in East Islip (hereinafter the subject property), which was improved with a residence (hereinafter the subject dwelling). Azzato and his wife, the plaintiff Tricia Williamson, secured from the defendant insurance carrier a landlord's package insurance policy (hereinafter the policy) covering the subject dwelling and, inter alia, certain personal property located in the subject dwelling. The policy did not name Pleasants as a co-insured. The policy stated that Azzato and Williamson were insured only to the extent that they possessed an insurable interest in the property.

The plaintiffs commenced this action to recover benefits under the policy after a fire occurred on the subject property. The plaintiffs sought to recover the sum of $250,000, alleging that the defendant improperly denied their claim.

The defendant moved, inter alia, for summary judgment dismissing the complaint. The defendant contended that it had properly denied the claim since Azzato had submitted fraudulent evidence purporting to establish the cost of certain appliances which were allegedly located in the subject dwelling at the time of the fire. The defendant contended that Azzato's fraud vitiated coverage, since his actions breached the concealment and fraud provision of the policy. The defendant argued, in the alternative, that Azzato's insurable interest was limited

to 50% of the value of the subject dwelling, as he was only a 50% owner of that dwelling. The defendant also contended that it was entitled to summary judgment dismissing the complaint insofar as asserted by Williamson since she was not named on the deed to the subject property and, therefore, did not have any insurable interest.

In an order dated June 7, 2010, the Supreme Court, treating the motion as unopposed, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Thereafter, the parties stipulated that the defendant's motion had been timely opposed by the plaintiffs, and the plaintiffs moved for leave to reargue their opposition to the defendant's motion. In the order appealed from, the Supreme Court granted reargument, in effect, vacated its prior order, and thereupon denied the defendant's motion in its entirety. The court, in effect, concluded that there were triable issues of fact as to whether Azzato breached the concealment and fraud provision of the insurance policy and whether any fraud perpetrated by Azzato could be imputed to Williams. In addition, the court determined, in effect, that there was a triable issue of fact as to whether the policy limited recovery to the extent of the plaintiffs' insurable interests, since the relevant policy provision was ambiguous. The defendant appeals, and we modify.

The concealment and fraud provision of the policy provided, inter alia, that the defendant "does not cover you or any other person insured under this policy who has concealed or misrepresented any material fact or circumstance, before or after a loss." The defendant contends that Azzato breached this provision when he submitted a store receipt purporting to demonstrate the cost of the appliances allegedly damaged in the fire.

A concealment and fraud provision of an insurance policy "makes clear that the general rule of insurance law requiring good faith and fair dealing applies to fraudulent statements and false swearing made by an assured after a loss" (*Domagalski v Springfield Fire & Mar. Ins. Co.*, 218 App Div 187, 189 [1926]). "This provision is breached if an insured tenders a fraudulent proof of loss as the basis for a recovery under the policy" (*Saks & Co. v Continental Ins. Co.*, 23 NY2d 161, 165 [1968]; *see Kantor Silk Mills, Inc. v Century Ins. Co., Ltd.*, 253 NY 584 [1930]).

"Courts have been assiduous to prevent the use of the clause to bar a recovery where the alleged fraud or false swearing was not intentional, or the false statements were matters of opinion honestly, although mistakenly, held by the assured" (*Domagalski v Springfield Fire & Mar. Ins. Co.*, 218 App Div at 189; *see* 70A NY Jur 2d, Insurance § 2017). "On the other hand, [courts]

have not hesitated to hold that a recovery would not be permitted if it clearly appeared that the assured had intentionally made false and fraudulent statements or intentionally sworn falsely" (*Domagalski v Springfield Fire & Mar. Ins. Co.*, 218 App Div at 189; *see* 70A NY Jur 2d, Insurance § 2022 [2011]).

Thus, a key issue in determining whether a concealment and fraud provision of an insurance policy has been breached is whether the inaccurate proof of loss was created or submitted with "a willful intent to defraud or to misrepresent the material facts" (*St. Irene Chrisovalantou Greek Orthodox Monastery v Cigna Ins. Co.*, 226 AD2d 624, 624 [1996]; *see Christophersen v Allstate Ins. Co.*, 34 AD3d 515, 516 [2006]). One manner in which fraudulent intent may be established is through proof that the claimed value of the loss was grossly disproportionate to the actual value of the loss (*see Saks & Co. v Continental Ins. Co.*, 23 NY2d at 165; *see also* 70A NY Jur 2d, Insurance § 2022 [2011]). Such an inference of fraudulent intent raised by proof that the insured's claimed losses were grossly overvalued "becomes conclusive where it is shown that the difference between the amounts claimed in the proof of loss and those actually proved to have been destroyed are grossly disparate and the explanation tendered is so unreasonable or fantastic that it is inescapable that fraud has occurred" (*Saks & Co. v Continental Ins. Co.*, 23 NY2d at 165-166; *see Pipo Bar & Rest., Inc. v Certain Underwriters at Lloyd's at London*, 15 AD3d 556, 556-557 [2005]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted by Azzato by demonstrating that Azzato breached the concealment and fraud provision of the policy when he submitted proof, in support of his claim, purporting to establish the cost of the appliances allegedly located in the subject dwelling at the time of the fire. The defendant established that the price values submitted by Azzato were significantly inflated from the actual price that he paid (*see Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.*, 97 AD2d 503, 505 [1983], *affd* 62 NY2d 969 [1984]; *Domagalski v Springfield Fire & Mar. Ins. Co.*, 218 App Div at 189).

In opposition, the plaintiffs failed to raise a triable issue of fact with respect to Azzato's breach of the concealment and fraud provision of the policy (*see Pipo Bar & Rest., Inc. v Certain Underwriters at Lloyd's at London*, 15 AD3d at 556-557). The plaintiffs' contention that the proof Azzato submitted was only intended to be a post-loss estimate of the replacement value of the appliances is belied by the fact that the proof he submitted

was made to look like an actual receipt provided to him by the store on the date that he originally purchased the appliances (cf. *Saks & Co. v Continental Ins. Co.*, 23 NY2d at 165-166). Thus, the form, in addition to the content, of Azzato's submitted proof of loss evinced his intent to deceive the defendant. Accordingly, the Supreme Court should have, upon reargument, adhered to its original determination granting that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Azzato.

However, the independent wrongdoing of Azzato does not automatically vitiate any rights that Williamson may have under the terms of the policy. As indicated, the concealment and fraud provision of the policy only barred recovery from a named insured "who has concealed or misrepresented any material fact or circumstances." Accordingly, this clause only serves to vitiate the coverage of a named insured who has actually engaged in misrepresentation (*see Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 261 [1984]; cf. *Lane v Security Mut. Ins. Co.*, 96 NY2d 1, 5 [2001]).

Here, the defendant failed to tender any evidence demonstrating that Williamson participated in, or had knowledge of, Azzato's fraudulent actions, or that she otherwise made any material misrepresentations to the defendant (*see Lane v Security Mut. Ins. Co.*, 96 NY2d at 5; *Reed v Federal Ins. Co.*, 71 NY2d 581, 588 [1988]; *Krupp v Aetna Life & Cas. Co.*, 103 AD2d at 261). Accordingly, as the plaintiffs correctly contend, the defendant failed to demonstrate that Williamson breached the concealment and fraud provision of the policy.

Nevertheless, the defendant moved for summary judgment dismissing the complaint insofar as asserted by Williamson on the alternative ground that she did not have an insurable interest in the damaged property. The defendant contends that the Supreme Court erred when it, in effect, concluded that the insurable interest clause of the policy was ambiguous and that resolution of the issue required consideration of extrinsic evidence.

"Extrinsic evidence will be considered only if the contract is deemed ambiguous" (*Maser Consulting, P.A. v Viola Park Realty, LLC*, 91 AD3d 836, 837 [2012]). "Whether an agreement is ambiguous is a question of law for the courts" (*Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 13 NY3d 398, 404 [2009] [internal quotation marks omitted]). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no rea-

sonable basis for a difference of opinion" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002], quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]). "Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity" (*Greenfield v Philles Records*, 98 NY2d at 569-570).

Here, the insurable interest clause stated that, "[i]n the event of a covered loss, [the defendant] will not pay for more than an insured person's insurable interest in the property." The term "insurable interest" has been defined by statute (Insurance Law § 3401 [internal quotation marks omitted]). Not only is the term "insurable interest" defined in the Insurance Law, it has long been utilized by courts to describe a particular legal concept (*see e.g. Scarola v Insurance Co. of N. Am.*, 31 NY2d 411, 412-413 [1972]; *National Filtering Oil Co. v Citizen's Ins. Co. of Mo.*, 106 NY 535, 541 [1887]; *Herkimer v Rice*, 27 NY 163, 168-169 [1863]). Contrary to the plaintiffs' contention, the insurable interest provision of the policy was not ambiguous.

The defendant further contends that, since Williamson does not have an insurable interest in any of the property covered by the policy, the insurable interest clause provides a ground for dismissing the complaint insofar as asserted by her. The plaintiffs assert that Williamson held an insurable interest in property covered by the policy.

"It has long been the rule that, in order to prevent fraud and crime and to prohibit wagering contracts on property in which the insured possesses no interest, the lack of an insurable interest in the property insured renders the property insurance void and unenforceable" (*Etterle v Excelsior Ins. Co. of N.Y.*, 74 AD2d 436, 438 [1980]; *see Scarola v Insurance Co. of N. Am.*, 31 NY2d at 413). Thus, "[t]he law of this State requires that the named insured have an insurable interest in the subject matter of the policy of insurance" (*Citizens Sav. & Loan Assn. of N.Y. v Proprietors Ins. Co.*, 78 AD2d 377, 379 [1981]; *see* Insurance Law § 3401).

In this case the insurable interest provision of the policy stated that "[i]n the event of a covered loss, [the defendant] [would] not pay for more than an insured person's insurable interest in the property covered." Thus, the insurable interest provision of the policy plainly limits the insured's recovery to the extent of that person's insurable interest.

Under the Insurance Law, the term " 'insurable interest' " is defined to include "any lawful and substantial economic interest in the safety or preservation of property from loss, destruc-

tion or pecuniary damage" (Insurance Law § 3401). "Generally, a party possesses an insurable interest in the subject matter which is insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against" (*National Superlease v Reliance Ins. Co. of N.Y.*, 123 AD2d 608, 608 [1986]).

As the plaintiffs correctly contend, "[a] legal or equitable interest in the property insured is not necessary to support an insurable interest" (*Weissman v Galway Constr. Corp.*, 239 AD2d 410, 411 [1997]; *see National Filtering Oil Co. v Citizen's Ins. Co. of Mo.*, 106 NY at 541). Rather, "a person has an insurable interest in a property whenever he or she would profit by or gain some advantage from the property's continued existence or suffer some loss or disadvantage by its destruction" (3 Couch on Insurance 3d § 41:11; *see National Filtering Oil Co. v Citizen's Ins. Co. of Mo.*, 106 NY at 541).

However, "[t]he interest must be of such a character that the destruction of the property will have a direct, and not a mere remote or consequential, effect upon it" (3 Couch on Insurance 3d § 41:11). "Mere possession or license to use the property is insufficient to support an insurable interest where the insured would experience no direct economic loss by its destruction" (*id.*; *see Cassadei v Nationwide Mut. Fire Ins. Co.*, 21 AD3d 681 [2005]).

Here, in support of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted by Williamson, the defendant submitted the deed for the subject property which transferred the subject property to Azzato and Pleasants as tenants-in-common. In addition, the defendant submitted a supplemental fire claim form submitted in support of the plaintiffs' claim, which indicated that 50% of the subject property was owned by Azzato and that the other 50% of the subject property was owned by Pleasants. Williamson's name did not appear on the deed or the supplemental fire claim form.

"An insurer undertakes a separate and distinct obligation to the various insured parties" (*BMW Fin. Servs. v Hassan*, 273 AD2d 428, 429 [2000]), and the insurable interest of each insured is treated as separate and distinct from the other insured parties' insurable interests (*see Harvey v Cherry*, 76 NY 436, 443 [1879]; *Graziane v National Sur. Corp.*, 120 AD2d 773, 775 [1986]). This rule has been applied to the rights of insured spouses and one spouse's contractual right under an insurance

policy will be treated as distinct from the other spouse's rights under that policy (*see Graziane v National Sur. Corp.*, 120 AD2d 773, 775 [1986]; *Krupp v Aetna Life & Cas. Co.*, 103 AD2d at 258).

We conclude that the defendant's submissions established that Azzato's insurable interest in the subject dwelling was limited to 50% of the value of that dwelling (*see Harvey v Cherry*, 76 NY at 443; *Graziane v National Sur. Corp.*, 120 AD2d at 775), and that Williamson did not have any insurable interest in the subject dwelling (*see Peker v Allstate Ins. Co.*, 13 AD3d 596, 598 [2004]; *Silberman v Royal Ins. Co.*, 184 AD2d 562, 562 [1992]). Accordingly, the defendant established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted by Williamson.

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Williamson had an insurable interest in the subject dwelling. The plaintiffs contend that Williamson contributed to the purchase of Azzato's share of the subject property, that she helped to maintain it after it was purchased, and that she furnished portions of the subject dwelling with her own personal property. The mere fact that Williamson may have helped to pay for the subject property does not establish that she has an insurable interest in that property (*see Silberman v Royal Ins. Co.*, 184 AD2d at 562). Furthermore, the fact that she may have helped to maintain her husband's investment does not provide a basis for concluding that she had an insurable interest such that the loss of the subject dwelling would have directly affected her pecuniary interests (*see Judge v Travelers Ins. Co.*, 262 AD2d 983, 984 [1999]). In addition, the plaintiffs have not alleged that Williamson earned any income from the subject property, resided in the subject dwelling, or had any legal or equitable right to do so (*cf. Redfield v Holland Purchase Ins. Co.*, 56 NY 354, 357 [1874]; *Etterle v Excelsior Ins. Co. of N.Y.*, 74 AD2d at 440).

Accordingly, the plaintiffs failed to raise a triable issue of fact as to whether Williamson had an insurable interest in the subject dwelling and the Supreme Court erred when it, upon reargument, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint insofar as asserted by Williamson as sought to recover damages under the provisions of the policy for injury to the subject dwelling. However, in light of the fact that the policy at issue covered personal property that was located in the dwelling, Williamson nevertheless raised a triable issue of fact by tendering evidence to show that she was the owner of an antique dining room set

which allegedly was destroyed in the fire (*cf. Cassadei v Nationwide Mut. Fire Ins. Co.*, 21 AD3d at 682). Accordingly, the Supreme Court properly, upon reargument, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint insofar as asserted by Williamson as sought to recover under the provision of the policy covering personal property.

In light of the foregoing, we need not reach the defendant's remaining contention. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.