■ IRENE GRAZIANE, Appellant, v CONTINENTAL CASUALTY COMPANY et al., Appellants, and CARL GRAZIANE, Intervenor-Respondent.—Appeals from an order of the Supreme Court at Special Term, entered March 15, 1979 in Montgomery County, which granted the motion of Carl Graziane seeking intervention. On September 7, 1974 a fire occurred on premises where the legal title to the real property was in the sole name of the plaintiff, Irene Graziane. The property was covered by several insurance policies naming both Irene and her husband Carl as coinsureds "as their interest may appear". All of the insurance policies contained a period of one year from the date of loss as a limitation for the commencement of an action based on breach of the insurer's duties. Shortly after the fire, on September 30, 1974, the wife commenced a divorce action against the husband. That action terminated in a decree of divorce entered March 25, 1977. Subsequent to the commencement of the divorce proceedings, the wife refused to acknowledge any interest of the husband in the land, and he brought an action which resulted in a judgment that each of the parties were owners of a one-half interest in the premises as tenants in common. By reason of their estrangement, both parties filed separate proofs of loss concerning the fire damage. When the claims were not honored by the insurance companies, separate actions were brought by the husband and wife. The wife's action was commenced timely and the husband's on April 26, 1976. The insurance companies' motion in the husband's action for summary judgment seeking dismissal for failure to comply with the one-year limitation contained in the policies was granted by Special Term and affirmed by this court *(Graziane v Firemen's Ins. Co. of Newark*, 63 AD2d 1087, mot for lv to app den 45 NY2d 711). On or about November 24, 1978, when it became apparent that the wife was about to settle her suit, the husband moved to intervene in that action. Special Term granted the application to intervene and this appeal ensued. The husband was at all times a party who ought to have been joined as a necessary party in the action commenced by the wife (CPLR 1001, subd [a]). Since the court may add parties at any stage of the action (CPLR 1003) and intervention may be granted even after final judgment *(Auerbach v Bennett*, 64 AD2d 98), it does not appear that Special Term abused its discretion in allowing the husband to intervene in the wife's action. It should be noted that the dismissal of the husband's action against the insurance companies was in response to a motion for summary judgment based on the defense of the Statute of Limitations. Such a dismissal was on the merits and, thus, entitled to *res judicata* effect (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:21, p 440; CPLR C3211:66, p 72). The fact alone *does not*, however, preclude the husband's attempt to intervene as a defendant in this action by the wife. His moving papers include a proposed answer which contains cross claims against the various insurance companies and a counterclaim against the wife. In the counterclaim, the husband seeks to restrain the wife from settling her suit against the insurance companies and to impose a trust on

one half of all moneys she recovers for any loss caused by the fire. Thus, even though the husband's cross claims may be subject to dismissal in the event the insurance companies raise the affirmative defense of *res judicata,* allowing the husband to intervene will not be a meaningless gesture. Although he may not be able to collect directly on the insurance policies, the husband has an interest in any moneys collected by the wife due to his successful action to impose a constructive trust on the property. Order affirmed, with one bill of costs to the intervenor-defendant. Mahoney, P. J., Sweeney, Main and Casey, JJ., concur.

Herlihy, J., concurs in the following memorandum. Herlihy, J. (concurring). I concur in the affirmance of the order of Special Term, but would note that such concurrence is limited to so much of the majority opinion as concludes that "it does not appear that Special Term abused its discretion in allowing the husband to intervene in the wife's action." The questions of *res judicata* /collateral estoppel and constructive trust are not presently before this court for any determination insofar as the rights of these parties are concerned. Accordingly, I do not adopt the statements in the majority opinion in regard to the legal positions of the parties subsequent to intervention.