■ IRENE H. GRAZIANE, Respondent-Appellant, v NATIONAL SURETY CORPORATION et al., Appellants-Respondents, and NICHOLAS A. GRAZIANE et al., as Administrators of the Estate of CARL GRAZIANE, Deceased, Intervenors-Respondents. — Cross appeals from an order of the Supreme Court at Special Term (Shea, J), entered March 9, 1983 in Montgomery County, which denied both defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion for related relief. ¶ On September 24, 1975, plaintiff commenced separate lawsuits against defendants herein to recover under fire insurance policies issued by defendants; the covered premises had burned on September 7, 1974. Each of the policies limited the time within which an action could be commenced on the policy to 12 months from the inception of the loss. Plaintiff's actions, begun on September 24, 1975, concededly were not timely and each of defendants' answers asserted an affirmative defense in this regard. ¶ In April, 1976, Carl Graziane, plaintiff's former husband and co-owner of the subject premises, brought a separate action to recover for the same fire; his action was dismissed for untimeliness (*Graziane v Fireman's Ins. Co.,* 63 AD2d 1087). However, as to plaintiff's actions (now consolidated), instead of moving to dismiss the complaint for untimeliness, defendants, after considerable negotiation, agreed to settle her claim for $17,500, one half of the total insurance coverage available under the various policies. On November 24, 1978, after being apprised by the carriers' counsel as to the precise sum each company was contributing to the settlement, plaintiff forwarded the necessary releases and stipulations of discontinuance. On December 4, 1978, Carl Graziane (hereafter intervenor) obtained an order permitting him to intervene in plaintiff's action and to stay execution of the settlement agreement. ¶ After more than four years, during which time two appeals were taken to this court (*Graziane v Continental Cas. Co.* 75 AD2d 678; *Graziane v Fireman's Ins. Co.,* 63 AD2d 1087, *supra*) and plaintiff's action was noticed for trial, her action was ultimately placed on the General Trial Calendar for October, 1982; only then did defendants move for summary judgment on the ground that her suit had not been timely commenced. In denying defendants' motion, and plaintiff's cross motion to enforce the stipulation, Special Term determined that a question of fact existed as to whether defendants, by participating in the settlement negotiations and pretrial discovery, waived or should be estopped from asserting the 12-month period of limitations provided

---

for in the policies. Defendants appeal, alleging that their conduct, as a matter of law, does not constitute a waiver or estoppel; plaintiff claims that, as a matter of law, it does and that Special Term should have enforced the settlement agreement; the intervenor urges us to affirm. ¶ Given the extensive and lengthy negotiations had here, the aborted settlement and the pretrial measures taken to ready this case for trial, all of which occurred over a period of five years after the affirmative defense of untimeliness had been interposed, we agree with Special Term that summary judgment is inappropriate. Even though there has been a breach of a condition in an insurance policy, the insurance company is not required to insist on its rights and treat the policy as forfeited. It may, for whatever reasons it finds appealing, waive the breach and it may do so impliedly by unequivocal action inconsistent with a forfeiture of the policy (*Gilbert Frank Corp. v Federal Ins. Co.*, 91 AD2d 31, 33). On this record, whether "in any negotiations or transactions with the insured, after knowledge of the forfeiture, [defendants recognized] the continued validity of the policy, or [did] acts based thereon, or [required] the insured by virture thereof to do some act or incur some trouble or expense", thereby waiving plaintiff's forfeiture, is in our view a triable question of fact (*Titus v Glens Falls Ins. Co.*, 81 NY 410, 419). ¶ Nor do we find convincing defendants' argument that plaintiff's attempt to prove waiver is inconsistent with her pleading performance of all contractual obligations required on her part to be performed, since the conduct constituting the alleged waiver transpired after plaintiff served her complaint. ¶ Order affirmed, without costs. Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.