■ SPINEX LABORATORIES, INC., as Subrogee of WILLIAM ZUEND, and Others, Respondent, v EMPIRE BLUE CROSS AND BLUE SHIELD, Appellant. [622 NYS2d 154] —Mercure, J. Appeal from an order of the Supreme Court (Williams, J.), entered February 15, 1994 in Schenectady County, which, *inter alia,* denied defendant's cross motion for summary judgment dismissing the amended complaint.

Plaintiff, a provider of diagnostic testing and rehabilitative services to the medical and chiropractic communities, submitted claims to defendant, a not-for-profit health services corporation, for services rendered to certain of defendant's subscribers. After defendant denied the claims upon the ground that the services were not medically necessary, plaintiff took an assignment of the individual patients' contract rights against defendant by means of so-called "subrogation agreements" and then commenced this action for breach of contract, alleging defendant's wrongful refusal to pay the claims. Following joinder of issue, plaintiff moved for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint upon the ground, among others, that the prohibition against assignments contained in its policies with the individual insureds rendered the subrogation agreements void. Supreme Court denied the motion and cross motion, and defendant appeals.

We agree with defendant that the subrogation agreements, which plaintiff relies upon to establish a contractual relationship with defendant, are void and that summary judgment should have been granted in its favor on that basis. Each of the policies providing the basis for plaintiff's claims against defendant contains the following provision: "You cannot assign any benefits or monies due under this Plan to any person, corporation or other organization. Any assignment by you will be void. Assignment means the transfer to another person or to an organization of your right to the services provided under this Plan or your right to collect money from [defendant] for the services." It is well established that, so long as the language of the contract provision prohibiting assignments is clear and definite, assignments made in contravention of its terms are void *(see, Allhusen v Caristo Constr. Corp.,* 303 NY 446, 452; *Sullivan v International Fid. Ins. Co.,* 96 AD2d 555, 556; *see also, Macklowe v 42nd St. Dev. Corp.,* 170 AD2d 388). In this case, the language that "[a]ny assignment * * * will be void" could hardly be clearer. Further, in view of the policies' broad definition of assignment as "the transfer to another [of the] right to collect money from [defendant] for the services",

plaintiff's tactic of labeling itself a subrogee rather than assignee is unavailing.

As a final matter, defendant's failure to assert the prohibition against assignments as a defense in an earlier action brought by plaintiff as "subrogee" of another group of subscribers, arising out of claims for payment for different medical services, by no means determined the validity of the clause or defendant's right to assert it in the current action. As correctly reasoned by Supreme Court, collateral estoppel is inapplicable because the issue was never litigated (cf., Matter of Joy Co. v Hudacs, 199 AD2d 858, 859; McNeary v Senecal, 197 AD2d 835, 836) and the lack of identity of the causes of action bars application of the doctrine of res judicata (see, Matter of Hodes v Axelrod, 70 NY2d 364, 372; New York Cent. Mut. Fire Ins. Co. v Kilmurray, 181 AD2d 40, 41).

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's cross motion for summary judgment; said cross motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.