■ In the Matter of CHRISTINE R. WILMOT et al., as Coexecutors of LYDIE H. WILMOT, Deceased, Appellants. ROBERT L. SANT et al., Respondents. [665 NYS2d 783] —Order unanimously affirmed without costs. Memorandum: Surrogate's Court

properly denied the cross motion of petitioners for summary judgment on that part of the petition seeking a declaration that their decedent had an ownership interest in Maywil Associates, L.P. (Maywil), through her ownership of a limited partnership interest in Jefferson Road I, L.P. (Jefferson Road). That interest was allegedly derived from an assignment of limited partnership interests in Maywil to Jefferson Road by petitioners as individuals before decedent's death. It is uncontested that, before decedent's death, petitioners assigned their limited partnership interest in Maywil to Jefferson Road without the written consent of Maywil's general partner. Section 5.03 (c) of Maywil's limited partnership agreement, which does not require written consent if the assignment is a gift to a family member or for the creation of a trust for the benefit of a family member, does not apply to that assignment. The assignment of an interest in a limited partnership as part of a capital contribution toward the acquisition of an interest in another limited partnership does not, within the clear and plain meaning of the language of section 5.03 (c), constitute a gift to a family member or the creation of a trust. Moreover, petitioners failed to establish any conduct by Maywil's general partner that amounted to a waiver of the requirement of written consent.

Although we agree with petitioners that the lack of written consent does not render the assignment null or void (*see, Spinex Labs. v Empire Blue Cross & Blue Shield*, 212 AD2d 906; *Macklowe v 42nd St. Dev. Corp.*, 170 AD2d 388, 389; *Sullivan v International Fid. Ins. Co.*, 96 AD2d 555, 556), there is no proof that Jefferson Road, as assignee, complied with the requirements set forth in section 5.06 of Maywil's limited partnership agreement for acceptance as a substituted limited partner of Maywil. Thus, Jefferson Road acquired only the right to receive "distributions and allocations of profits and losses to which the assignor would be entitled" (Partnership Law § 121-702 [a] [3]), and decedent, a limited partner of Jefferson Road, acquired no greater right.

The court properly granted respondents' motion to dismiss that part of the petition seeking discovery, pursuant to SCPA 2103, of records and accounts of Danbury Fair Mall for the alleged purpose of valuing decedent's interest in Jefferson Road. Pursuant to that section, a fiduciary is entitled to discovery with respect to property held by a third person only upon a showing that the fiduciary has an interest in the property and is entitled to possession of the property or its value (*see, Matter of Stiassni*, 195 Misc 668, 673; *Matter of Katz's Estate*, 63

NYS2d 298, 299). Decedent possessed a property interest in Jefferson Road and failed to establish any right to an interest in Danbury Fair Mall. (Appeal from Order of Monroe County Surrogate's Court, Ciaccio, S.—Summary Judgment.) Present—Lawton, J. P., Hayes, Doerr, Balio and Fallon, JJ.