■ NEW MEDICO ASSOCIATES, on Behalf of JERRY VANARS-DAL, et al., Respondent, v EMPIRE BLUE CROSS AND BLUE SHIELD, Defendant, and BLUE SHIELD OF NORTHEASTERN NEW YORK, Appellant. [671 NYS2d 788] —Peters, J. Appeal from an order of the Supreme Court (Donohue, J.), entered September 22, 1997 in Albany County, which denied a motion by defendant Blue Shield of Northeastern New York for summary judgment dismissing the complaint against it.

Plaintiff provided rehabilitation and skilled nursing services to Jerry VanArsdal from July 3, 1990 to March 22, 1991. During a portion of that time period, defendant Blue Shield of Northeastern New York (hereinafter defendant), a not-for-profit benefit corporation organized and existing pursuant to Insurance Law article 43, provided health care coverage through a health insurance contract between it and Fulmont Health Trust, the group with which VanArsdal's wife was a member whereas defendant Empire Blue Cross and Blue Shield was the insurance company designated as the secondary payor.[1]

As a result of the nonpayment of claim benefits submitted to defendant and Empire for VanArsdal's treatment, plaintiff, as the assignee of the insurance contract benefits, commenced this action on October 7, 1994 alleging a breach of contract. Defendant moved for summary judgment[2] seeking to dismiss the complaint based upon a two-year Statute of Limitations period contained in the contract signed between defendant and Fulmont entitled "Par Plus Group Plan" (hereinafter the subscriber contract).

Supreme Court denied the motion, finding the existence of arguable issues of fact that the subscriber contract failed to meet the requirements of CPLR 201 which allows the parties to shorten a Statute of Limitations period only by written agreement. It further found that defendant failed to address the applicability of Insurance Law § 3221 (a) (6), which requires an insurer to issue a certificate setting forth the essential features of the coverage, which would include a shortened limitations period, to the employer or person in whose name such policy is issued for delivery to each member of the group. Since it was undisputed that the VanArsdals were not provided with a copy of the underlying policy between defendant and Fulmont and had only received a document entitled "The Fulmont Health Trust, Health Care Benefits" (hereinafter the Benefits Booklet) which did not specifically note the shortened limitations period, Supreme Court found these outstanding issues sufficient to defeat the motion. Defendant appeals.

The parties may, by written agreement, reduce the limita-

---

1. Defendant provided health care coverage to VanArsdal from January 1, 1991 to January 1, 1992 whereas Empire was designated as the secondary payor from July 1, 1990 to January 1, 1991.

2. This was the second time that defendant moved for summary judgment in this action. The first motion was denied without prejudice because it was not shown that the subscriber contract filed with the motion was the controlling contract.

tions period for the commencement of an action against an insurer for the nonpayment of claims (see, CPLR 201; *Kassner & Co. v City of New York*, 46 NY2d 544). Such an agreement is required to insure that the parties receive adequate notice of a reduction of a statutory right (see, McLaughlin, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C201:2, 1997 Pocket Part, at 10; see also, *1303 Webster Ave. Realty Corp. v Great Am. Surplus Lines Ins. Co.*, 63 NY2d 227). Although defendant contends that the Benefits Booklet issued to the VanArsdals so provided them with notice of the shortened limitations period, our review reveals no specific reference thereto. While the Benefits Booklet did state that it was intended to provide only general information about the policy and that reference should be made to the underlying contract which detailed the shortened limitations period, we agree with Supreme Court below that an arguable issue was raised as to whether such direction is sufficient to constitute the requisite notice.

With respect to defendant's further contention that it is not subject to the specific notice requirements of Insurance Law § 3221, since it is organized and existing pursuant to Insurance Law article 43 which does not specifically require that notice of a shortened limitations period be provided to each member of a group, we note the reference therein that Insurance Law article 43 corporations are "subject to all requirements of this chapter made applicable to insurance companies generally" (Insurance Law § 4313 [a]) and that they shall be excepted from the requirements of the Insurance Law only "in so far as said laws, rules and regulations may be inconsistent with other provisions of this article" (Insurance Law § 4313 [a]). Upon our review, we find no inconsistency which would justify the preclusion of the requirement for notice of a shortened limitations period for group health insurance policies written by nonprofit corporations. Agreeing that defendant failed to sustain its burden in demonstrating the inapplicability of these provisions, and finding it clear that the summary provided to the VanArsdals did not specifically notify them of the shortened limitations period, we affirm the denial of defendant's motion.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.