■ NEW MEDICO ASSOCIATES, INC., on Behalf of JERRY VANARSDAL, et al., Respondent, v EMPIRE BLUE CROSS AND BLUE SHIELD et al., Appellants. [701 NYS2d 142] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 12, 1999 in Albany County, which, *inter alia,* denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff provided rehabilitation and skilled nursing services to Jerry VanArsdal from July 3, 1990 through March 22, 1991, procured through the health insurance policy of his wife, Mary Kovalovich.* Defendant Empire Blue Cross and Blue Shield (hereinafter Empire) was the initial provider from July 1, 1990 to December 31, 1990 until Kovalovich's employer, Gloversville Enlarged School District, changed insurers. This resulted in coverage from defendant Blue Shield of Northeastern New York (hereinafter Blue Shield) from January 1, 1991 to January 1, 1992.

---

* Kovalovich is the former spouse of the late Jerry VanArsdal. Subsequent to the filing of this lawsuit in 1994, she remarried and changed her name.

In July 1990, Kovalovich signed an assignment of benefits which authorized plaintiff to pursue any claim for services which it provided to VanArsdal. In April 1993, Kovalovich signed a second agreement which expressly revoked the assignment of benefits and instead granted plaintiff a lien upon any recovery which may result from the efforts of Claims Management, Inc., an insurance claims recovery firm.

In June 1993, Claims Management attempted to recover from Empire the remaining balance of $22,762.50 that plaintiff contended it was owed for services provided to VanArsdal. In October 1993, Empire refused to pay all but $2,760 of such claim. Plaintiff also unsuccessfully sought to recover $91,383 from Blue Shield for health care services it rendered to VanArsdal.

Plaintiff, as Kovalovich's purported assignee, commenced this breach of contract action in October 1994 against both defendants. After two years of discovery, Blue Shield moved for summary judgment contending that the claim was untimely pursuant to the shortened limitations period contained in their contract. Supreme Court denied the motion which we affirmed upon appeal (249 AD2d 760).

In October 1998, both defendants moved for summary judgment. Empire claimed that the Statute of Limitations had run; Blue Shield challenged plaintiff's standing not only due to a "no assignment" clause in their contract, but also due to the revocation of the assignment to plaintiff. Supreme Court denied both motions. Agreeing that Kovalovich expressly revoked the assignment, the court added Kovalovich as a party plaintiff on its own initiative. As to Empire, it found that since Empire had paid claims after the expiration of the limitations period without asserting it as a defense, such defense was waived. Defendants appeal.

Addressing first the challenge to Supreme Court's addition of Kovalovich as a party plaintiff, we find error. Prior to April 1996, it is undisputed that Supreme Court had the ability to add a party on its own initiative, by motion of any party at any stage of the proceeding or upon its assessment of equity (see, CPLR 1003 [L 1962, ch 308]; see also, Albert C. v Joan C., 110 AD2d 803; Graziane v Continental Cas. Co., 75 AD2d 678). As of April 1996, however, CPLR 1003 was amended (L 1996, ch 39, § 2). As relevant here: "Parties may be added at any stage of the action by leave of court or by stipulation of all parties who have appeared * * *. Parties may be dropped by the court, on motion of any party or on its own initiative, at any stage of the action and upon such terms as may be just" (id. [emphasis

supplied]). Hence, while the court retained the discretionary authority to drop a party "on its own initiative", the deletion of such language with respect to its ability to add a party is determinative. Since it can be presumed that when the Legislature amends a statute it intends that the amendment make a change in existing law (see, *Matter of Stein*, 131 AD2d 68, 71, *lv dismissed* 72 NY2d 840; McKinney's Cons Laws of NY, Book 1, Statutes § 193), we find that in the absence of a stipulation between these parties or a formal motion requesting leave to add Kovalovich as an additional plaintiff, Supreme Court's independent amendment was in error.

We next address whether plaintiff had standing to pursue this claim against Blue Shield. Upon our review of the health insurance contract at issue, we note a clear and unambiguous provision which prohibits the assignment of benefits or moneys due thereunder "to any person, corporation or other organization". Further specifying that any such assignment shall be void, we find that the assignment of rights made here, whether or not intended to enure to Kovalovich's benefit, is void (see, *Spinex Labs. v Empire Blue Cross & Blue Shield*, 212 AD2d 906). Hence, upon this record, plaintiff had no standing to pursue this claim against Blue Shield and, therefore, summary judgment should have been granted.

We also disagree with the denial of Empire's motion for summary judgment. While an arguable issue was raised that Kovalovich, through her employer, did not receive adequate notice by Blue Shield of its reduction of the limitations period (see, *New Medico Assocs. v Empire Blue Cross & Blue Shield*, 249 AD2d 760, 762, *supra*), it is undisputed that group members, including Kovalovich, were provided with adequate notice of the shortened limitations period contained in Empire's contract with the Gloversville Enlarged School District. Turning to the contention that the limitations defense was waived by Empire's partial payment of claims after the expiration of the applicable period, we note that a waiver "requires the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable" (*General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.*, 85 NY2d 232, 236; see, *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184). While it "may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage" (*General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., supra*, at 236), communications or participation in settlement negotiations after the expiration of a contractual limitations period is insuf-

ficient (*see, Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968; *see also, Midway Paris Beauty Schools v Travelers Ins. Co.*, 204 AD2d 521). With no evidence that plaintiff was lulled "into sleeping on its rights under the insurance contract" (*Gilbert Frank Corp. v Federal Ins. Co., supra*, at 968) and instead evidence showing a declaration by Empire that all benefits would be considered subject to the terms of the applicable contract, we find insufficient evidence to support a claim of waiver.

Accordingly, we reverse the order, grant defendants' motions and dismiss the complaint.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motions granted, summary judgment awarded to defendants and complaint dismissed.