OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Having requested that the court grant them permission to interpose a counterclaim for money plaintiff allegedly owed them for the subject vehicle repairs, as well as other affirmative relief, defendants waived any defect in personal jurisdiction, and by seeking to interpose such a claim, defendants have made affirmative use of the very court that they allege has no jurisdiction (Textile Tech. Exch. v Davis, 81 NY2d 56 [1993]).
Defendants failed to show reasonable excuse and a meritorious defense upon their motion to vacate the default judgment entered against them in this action for breach of contract to repair a vehicle in a workmanlike manner, and the court did not abuse its discretion in denying defendants’ motion in the circumstances of this case (see e.g. Roussodimou v Zafiriadis, 238 AD2d 568 [1997]).
Plaintiff requested in his opposition to defendants’ motion that the court render assistance to him in collecting the judgment. Defendants’ motion papers and brief each state that “Shane’s Towing LLC” is a “successor” to Shane’s Towing Inc., and the motion further alleged that plaintiff owed over $3,000 to “SHANE’S TOWING LLC, aS SUCCeSSOT to SHANE’S TOWING INC.” Given this admission of legal successor status, the court properly exercised its discretion in amending the caption to reflect the corporate defendant’s current name in response to plaintiff’s request that the court assist in the enforcement of the judgment (cf. New Medico Assoc. v Empire Blue Cross & Blue Shield, 267 AD2d 757 [1999] [holding that CPLR 1003, as amended, allows the court, on its own motion, only to drop, and not to add, parties]).
Nor did the court improperly refuse to credit defendants’ affidavit, in which defendants’ affiant, among other things, requested permission to interpose a counterclaim that patently contradicted the documentary evidence in the matter (see e.g. Petrovski v Fornes, 125 AD2d 972 [1986]).
*49 Defendants’ remaining contentions have been considered and are without merit.
Pesce, EJ., Aronin and Patterson, JJ., concur.