■ EILEEN SUTTON, Appellant, v HERBERT C. WINSTON et al., Respondents. — In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Westchester County (Walsh, J.), entered February 18, 1982, which granted defendants' motion to dismiss the action for failure to serve a complaint. Order affirmed, with $50 costs and disbursements. A summons dated August 12, 1980 was served by plaintiff on defendant Winston. Defendant Winston served a notice of appearance dated September 3, 1980 on plaintiff's attorney and demanded a copy of the complaint. Winston then moved to dismiss the action for failure to serve a complaint within 20 days, but later withdrew that motion on plaintiff's representation that a complaint would be served. Defendant Lewis served a notice of appearance, although it does not appear that he was ever served with a summons. By letter dated September 2, 1981 defendants again warned plaintiff that they would move to dismiss if no complaint was served soon. A few days later, defendants' attorney received two summonses dated August 24, 1981 and a complaint dated August 13, 1981. Defendants' attorney rejected the summonses and complaint inasmuch as the captions differed from the first summons received. The first summons received by defendant Winston and dated August 12, 1980 was captioned:

> "EILEEN SUTTON,
> 12 Old Mamaroneck Ave.
> White Plains, New York   10604
>
> Plaintiff(s)
>
> "against
>
> "HERBERT C. WINSTON, M.D.
> ROBERT M. LEWIS, M.D.
> 1254 Central Park Ave.
> Yonkers, New York   10704
>
> Defendant(s)".

The complaint dated August 13, 1981 and the new summonses were captioned:

> "ILEEN SUTTON, as Administratrix of the
> Goods, Chattels and Credits which were
> of
> "LON SUTTON, Deceased, and
> ILEEN SUTTON, Individually,
>
> Plaintiffs,
>
> "-against-
>
> "HERBERT C. WINSTON, M.D. and
> ROBERT M. LEWIS, M.D.,
>
> Defendants."

Thereafter, defendants were re-served by plaintiff. We agree with Special Term that dismissal of the first captioned action was proper inasmuch as no complaint was ever served in that action. By serving defendants with new summonses and a corresponding complaint, plaintiff instituted a new action against defendants. The only complaint plaintiff served on defendants pertains to the second action commenced by plaintiff. No complaint was ever served with regard to the first summons served on defendant Winston. Accordingly,

that action was properly dismissed on defendants' motion for failure to serve a complaint (CPLR 3012, subd [b]). Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.