■ JEROME H. BARR et al., as Executors of MILTON KAUFMAN, Deceased, Plaintiffs, v HYMAN RAFFE, Defendant and Third-Party Plaintiff-Appellant-Respondent. PUCCINI CLOTHES, LTD., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendants. JEROME H. BARR et al., as Executors of MILTON KAUFMAN, Deceased, Plaintiffs, v HYMAN RAFFE, Defendant and Third-Party Plaintiff-Respondent. PUCCINI CLOTHES, LTD., Third-Party Defendant-Appellant, et al., Third-Party Defendants. — Order, Supreme Court, New York County (M. Stecher, J.), entered September 15, 1982 denying third-party defendant Puccini's motion to dismiss the third-party complaint of defendant Raffe against it, insofar as appealed from by third-party defendant Puccini, is unanimously affirmed, without costs. Appeal from order, Supreme Court, New York County (T. V. Sinclair, J.), entered January 12, 1983 granting partial summary judgment in favor of defendant Raffe against third-party defendant Puccini, is dismissed, without costs, as superseded by the order of January 14, 1983. Order, Supreme Court, New York County (T. V. Sinclair, J.), entered January 14, 1983 granting reargument, and, upon reargument, adhering to decision of October 28, 1982 (resulting in order filed January 12, 1983) so far as appealed from by third-party defendant Puccini, is unanimously affirmed, without costs. " 'A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, * * *.' (American Law Institute, Restatement of the Law of Restitution, § 76.) Where payment by one person is compelled, which another should have made or which redounds solely to the benefit of another, a contract to reimburse or indemnify is implied by law." (*Brown v Rosenbaum,* 287 NY 510, 518-519.) As between third-party defendant Puccini and defendant Raffe, the obligation to pay the bank, and the obligation to reimburse or indemnify the estate of Milton Kaufman for the payment under Kaufman's guarantee of Puccini's debt to the bank, were both duties owed primarily by Puccini. Therefore, the obligation implied in law to reimburse or indemnify Raffe for Raffe's payment to the estate is not a promise "to answer for the debt, default or miscarriage of another person" (General Obligations Law, § 5-701, subd a, par 2), but rather for Puccini's own debt. Thus the obligation, whether implied in law or in fact, is not required to be in writing by the Statute of Frauds. (General Obligations Law, § 5-701.) Raffe was in effect a surety for Puccini. Such a surety "is entitled to full indemnity against the consequences of the default of the principal, and is, therefore, entitled to call upon him for reimbursement not only of what he may have been obliged to pay in discharge of the obligation for which he was surety, but also of all reasonable expenses legitimately incurred in consequence of such default, or for his own protection. These do not include expenses incurred in defending himself against the just claim of the creditor, nor remote and consequential damages sustained by the surety". (*Thompson v Taylor,* 72 NY 32, 34; see, also, *Leghorn v Ross,* 53 AD2d 560, affd 42 NY2d 1043.) Concur — Murphy, P. J., Ross, Carro, Silverman and Fein, JJ.