■ KATHLEEN WOLSTENCROFT, Respondent, v DORIS SASSOWER, Appellant.

The plaintiff's complaint states a valid cause of action to recover damages for legal malpractice in that it alleges that the defendant neglected to defend a British action *(see, Siegel v Kranis,* 29 AD2d 477, 479) which was the proximate cause of the additional expense of litigating in Great Britain as well as in New York. Furthermore, the claim is viable despite the plaintiff's settlement of the underlying matrimonial action because it is alleged that the settlement of that action was effectively compelled by the mistakes of the defendant, the plaintiff's former counsel *(see, Cohen v Lipsig,* 92 AD2d 536).

The plaintiff's failure to join subsequent counsel is not fatal

to her action *(cf.* CPLR 3211 [a] [10]) because joint tort-feasors are not necessary parties *(see, Hecht v City of New York,* 60 NY2d 57, 62; *Siskind v Levy,* 13 AD2d 538, 539; CPLR 1001 [a]).

Finally, the court did not abuse its discretion in granting the plaintiff leave to amend her complaint *(see, Fahey v County of Ontario,* 44 NY2d 934, 935). Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.