■ RENE PICCARRETO, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 74233.)—Order reversed on the law with costs, and defendant's motion granted. Memorandum: The court erred in denying defendant's motions to dismiss based on claimants' failure in two respects to comply with Court of Claims Act § 8-b, which provides a cause of action against the State for unjust conviction and imprisonment. Claimants failed to annex the documentary evidence required by section 8-b (3) (see, Stewart v State of New York, 133 AD2d 112, 113). In addition, claimants' allegations in their claims failed to satisfy the requirement set forth in section 8-b (4) (see, Stewart v State of New York, supra, at 113-114; Fudger v State of New York, 131 AD2d 136, 140, lv denied 70 NY2d 616). Claimants asserted that they were convicted solely on the basis of perjured testimony, without which the convictions could not have been maintained. However, inability of the People to meet their burden in a criminal trial is not the equivalent of the statutory requirement that claimants, who have the burden of proof on this claim, state facts in sufficient detail to permit the court to find that they are likely to succeed at trial in proving that they did not commit the acts charged in the accusatory instrument.

All concur, except Doerr and Green, JJ., who dissent and vote to affirm, in the following memorandum.

Doerr and Green, JJ. (dissenting). We cannot subscribe to the majority view that claimants failed to satisfy the requirements of Court of Claims Act § 8-b (3), (4) by not submitting documentary evidence to establish their claims and by not stating facts in sufficient detail to permit the court to find that claimants are likely to succeed at trial. The claims clearly stated that claimants were convicted solely on the basis of perjured testimony by law enforcement officers and that without this testimony the convictions could not have been maintained. The claims also assert that the convictions were vacated and the indictments dismissed as a result of the perjured testimony. The Court of Claims found these allegations sufficient to satisfy the statutory requirements and, giving due deference to this finding, we cannot conclude that it was erroneous (see, Lanza v State of New York, 130 AD2d 872). It is not necessary for claimants to submit certain documentary evidence with their claim since the records of claimants' convictions, incarceration and subsequent dismissals of the indictments are public records of the defendant of which the Court of Claims undoubtedly took judicial notice (see, CPLR 4511 [d]; Matter of Sunhill Water Corp. v Water Resources

*Commn.,* 32 AD2d 1006). (Appeal from order of Court of Claims, Quigley, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, Green, Pine and Balio, JJ.