■ SAMUEL RUSSOTTI, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 74234.)—Order reversed on the law with costs and defendant's motion granted. Same memorandum as in *Piccarreto v State of New York* (144 AD2d 920 [decided herewith]).

All concur, except Doerr and Green, JJ., who dissent and vote to affirm in the same dissenting memorandum as in *Piccarreto v State of New York* (144 AD2d 920 [decided herewith]). (Appeal from order of Court of Claims, Quigley, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, Green, Pine and Balio, JJ.

■ NATIONAL FUEL GAS DISTRIBUTION CORPORATION, Respondent, v CASE PIPELINE CORPORATION, Appellant.—Judgment unanimously affirmed with costs. Memorandum: Subsequent to entry of the order appealed from, a judgment was entered. The judgment subsumed the directives of the order, and the appeal should have been taken from the judgment. We have exercised our discretion to treat the notice of appeal as one from the judgment (CPLR 5520 [c]; *Frankel v Manufacturers Hanover Trust Co.,* 106 AD2d 542).

Defendant's claim that the agreement to indemnify was unenforceable because it violated the Statute of Frauds was properly rejected. Defendant agreed to indemnify the plaintiff for any injury caused by reason of its operations in performing the contract. There was no collateral obligation, and the agreement involved only two parties. Under these circumstances, the promise to indemnify was an original, not collateral, undertaking, and the agreement did not constitute a promise to answer for the debt, default or miscarriage of another within the contemplation of the Statute of Frauds *(see, Barr v Raffe,* 97 AD2d 696; *Braverman v Metropolis Bowling Centers,* 18 AD2d 1089; *see also,* 61 NY Jur 2d, Frauds, Statute of, § 79; 2 Corbin, Contracts § 384). (Appeal from judgment of Supreme Court, Erie County, Joslin, J.— summary judgment.) Present—Dillon, P. J., Doerr, Green, Pine and Balio, JJ.