■ ILEEN SUTTON, Appellant, v JOEL M. AURNOU, Defendant, and DAVID E. WORBY et al., Respondents.—In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), which granted the motion of the defendants David E. Worby and David E. Worby, P. C. to dismiss the complaint as against them for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is denied.

The issue on this appeal is whether the complaint states a valid cause of action to recover damages for legal malpractice against the defendants David E. Worby and David E. Worby, P. C. (hereinafter Worby).

The plaintiff Ileen Sutton alleges that Worby neglected to prosecute a medical malpractice action against two doctors on her behalf which had been timely commenced by service of a summons prior to Worby's retainer (hereinafter action No. 1). That action was still viable when Worby was retained. Although Worby alleges that he was retained only to pursue a wrongful death action on behalf of the plaintiff's deceased son, the written retainer agreement is not in the record, and the action subsequently commenced by Worby (hereinafter action No. 2) apparently included both a cause of action on behalf of plaintiff Ileen Sutton individually and as administratrix for the estate of her deceased son.

Subsequent to Worby's retainer, the defendant doctors' attorney wrote to the plaintiff's original counsel, the defendant Joel Martin Aurnou, demanding service of a complaint. Although Worby had commenced a new action No. 2 against those doctors, which was untimely as to the causes of action on behalf of the plaintiff Ileen and the decedent's estate, no complaint was ever served with regard to the original summons in action No. 1. Having been abandoned, action No. 1 was subsequently dismissed on the doctors' motion for failure to serve a complaint (see, CPLR 3012 [b]; Sutton v Winston, 93 AD2d 884). Action No. 2 was also dismissed on the doctors'

motion for summary judgment on the ground that the action was time barred by the applicable Statute of Limitations.

In determining whether a complaint is sufficient so as to withstand a motion pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" *(Guggenheimer v Ginzberg,* 43 NY2d 268, 275). In this case, the plaintiff had a claim for medical malpractice in her own behalf which had been timely asserted in action No. 1, which cause of action could have been prosecuted by Worby. In addition, one of the options available to Worby was to make a motion to amend the original complaint to add a cause of action for the wrongful death of the plaintiff's son. Thus, the plaintiff's claim for legal malpractice by Worby in connection with the dismissal of action No. 1 states a cause of action, despite Worby's contention that the wrongful death cause of action included in the complaint in action No. 2 was barred by the applicable period of limitations prior to the time he was retained.

Accordingly, since a cause of action for legal malpractice against Worby has been stated, the motion to dismiss the complaint should have been denied *(see, Wolstencroft v Sassower,* 124 AD2d 582; *Bonilla v Abbott,* 113 AD2d 861; *Beer v Florsheim,* 96 AD2d 485). Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.