VDR REALTY CORP. et al., Appellants, v KENNETH MINTZ, Individually and as a Partner in GUTMAN, MINTZ AND BAKER, et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Factual allegations of the

complaint to the effect that defendant attorney unreasonably delayed the prosecution of a landlord-tenant holdover proceeding and engaged in dilatory tactics, thereby increasing the attorney's fee and causing other consequential damages, state a cause of action for legal malpractice *(see, Wolstencroft v Sassower,* 124 AD2d 582; 2 Mallen and Smith, Legal Malpractice § 24.15 [3d ed]; Note, *Liability of an Attorney in the Conduct of Litigation,* 12 Syracuse L Rev 494, 497 [1961]). Plaintiff VDR Realty Corp. may recover damages even though it was successful in the underlying action *(see, Wolstencroft v Sassower, supra; Skinner v Stone, Raskin & Israel,* 724 F2d 264; 76 NY Jur 2d, Malpractice, § 44). Accordingly, we modify the order by denying defendants' motion to dismiss the complaint for failure to state a cause of action.

No issue was raised in the brief or reply brief regarding the court's imposition of a sanction for a frivolous cross motion for leave to enter a default judgment. That issue was, therefore, waived and is not properly before the court *(see, Velte v Jainew Enters.,* 122 AD2d 544). (Appeal from order of Supreme Court, Kings County, Held, J.—dismiss complaint.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.