■ INGRED SORENSON, Appellant, v PATRICK O'SHEA et al., Respondents. [601 NYS2d 839] —In an action to recover damages for legal malpractice, the plaintiff appeals from (1) so much of an order of the Supreme Court, Queens County (Graci, J.), dated March 14, 1991, as granted the defendants' motion to dismiss the complaint for failure to state a cause of action, and (2) so much of an order of the same court, dated June 19, 1991, as, upon granting renewal and reargument, adhered to the original determination, and denied the plaintiff's application for leave to serve an amended complaint.

Ordered that the appeal from the order dated March 14, 1991, is dismissed, as that order was superseded by the order dated June 19, 1991, made upon renewal and reargument; and it is further,

Ordered that the order dated June 19, 1991, is reversed insofar as appealed from, on the law, so much of the order dated March 14, 1991, as granted the defendants' motion to dismiss the complaint for failure to state a cause of action is vacated, the defendants' motion to dismiss the complaint for failure to state a cause of action is denied, the amended complaint is deemed served, and the defendants' time to serve an answer to the amended complaint is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appellant is awarded one bill of costs.

We find that the court erred in adhering to its original determination to dismiss the complaint for failure to state a cause of action, and in denying the plaintiff leave to serve an amended complaint. The allegations in the plaintiff's papers, together with her proposed amended complaint, adequately stated a cause of action to recover damages for legal malpractice (see, CPLR 3211 [e]; *Rovello v Orofino Realty Co.,* 40 NY2d 633; *Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513; *Sutton v Aurnou,* 149 AD2d 687). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.