■ HOME INSURANCE COMPANY, Respondent, v LIEBMAN, ADOLF & CHARME, et al., Appellants. [683 NYS2d 519] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about December 12, 1997, which denied defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff in this legal malpractice action alleges that defendant failed to conduct appropriate discovery in the underlying action with respect to the determinative issue in the case and failed to comply with court ordered discovery deadlines, thereby subjecting plaintiff Home's insured to potential preclusion of the only expert testimony it had, causing the insured to settle for considerably more than the actual worth of the underlying claim. Plaintiff was not required to demonstrate that, but for defendants' negligence, its insured would have prevailed in the underlying action. It was only required to plead, with sufficient detail, that, but for the attorneys' alleged malpractice, plaintiff would have avoided some "actual ascertainable damage" (*Franklin v Winard*, 199 AD2d 220, 221), and settlement, when compelled by an attorney's breach of the standard of care, as alleged herein, does not constitute an intervening cause barring a claim for legal malpractice (*Jones Lang Wootton v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, 175; *Whitman & Ransom v Revson*, 220 AD2d 321). Further, defendants' conclusory assertion that Home will never be able to prove damages does not provide a sufficient basis for dismissal at this stage of the proceedings (*see, e.g., VDR Realty Corp. v Mintz*, 167 AD2d 986).

We have considered defendants' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Mazzarelli and Saxe, JJ.