■ IMO INDUSTRIES INC., Appellant, v ANDERSON KILL & OLICK, P. C., et al., Respondents. [699 NYS2d 43] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered June 24, 1998, which dismissed IMO Industries Inc.'s (IMO) complaint alleging legal malpractice and breach of contract against defendants (collectively the Anderson firm), unanimously modified, on the law, to reinstate the cause of ac-

tion alleging legal malpractice, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered June 3, 1998 and June 22, 1998, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

As the proponent of a dismissal motion pursuant to CPLR 3211 (a) (1), the Anderson firm was required to provide documentary evidence which "conclusively establishe[d] a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88), which it failed to do. Plaintiff alleged that the firm committed malpractice by filing a November 1994 Stipulation, paragraph 18 of which stated: "[IMO] agreed that International would participate in the *defense or settlement* of the LILCO action on a 'Johansen-type' basis" (emphasis supplied). This stipulation was the sole basis for the California court's determination in favor of International Insurance Company (International) on a defense-cost reimbursement issue. In support of the CPLR 3211 (a) (1) motion to dismiss, the Anderson firm provided only excerpts of IMO's answers to the complaint (and the amended complaint) in the California action, as well as selected pre-litigation correspondence (which did not encompass all of the relevant communications) to establish that IMO would not have prevailed on the defense-cost reimbursement issue in that action, even in the absence of paragraph 18 of the stipulation. At this pre-discovery stage of the present litigation, these submissions do not meet the CPLR 3211 (a) (1) requirement of conclusively establishing this defense as a matter of law (*Leon v Martinez*, *supra*, at 88; *Barghout v Dweck*, 244 AD2d 190, 191; *Demas v 325 W. End Ave. Corp.*, 127 AD2d 476, 477).

A cause of action for legal malpractice is pleaded in this complaint with sufficient detail to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7). Specifically, plaintiff alleges that but for the Anderson firm's malpractice in filing of the November 1994 Stipulation, IMO would have avoided some actual ascertainable damage (*Home Ins. Co. v Liebman, Adolf & Charme*, 257 AD2d 424), that is, financial loss resulting from the California court's ruling that IMO was liable to reimburse International for its defense costs.

To the extent that IMO's answers in the California action could be construed as admissions of an agreement to reimburse defense costs, it should be noted that these documents were drafted by the Anderson firm. They may, therefore, constitute additional instances of the firm's negligence, and do not constitute a defense to the present malpractice claim (*Romanian Am. Interests v Scher*, 94 AD2d 549, 554-555).

However, plaintiff's cause of action for breach of contract should not be reinstated. "[T]he cause of action, as pleaded, did not rest upon a promise of a particular or assured result * * * and only claimed a breach of general professional standards * * * which is viewed as 'a redundant pleading of a malpractice claim'" (*Senise v Mackasek*, 227 AD2d 184, 185 [internal citations omitted]). Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.