■ FIREMAN'S FUND INSURANCE COMPANY et al., Respondents-Appellants, v JAMES P. FARRELL, JR., Appellant-Respondent. [734 NYS2d 217] —In an action, *inter alia,* to recover damages for legal malpractice, the defendant appeals, as

limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated December 6, 2000, as denied his motion to dismiss the complaint for failure to state a cause of action, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

The defendant James P. Farrell, Jr., represented Six G's Contracting Corp. (hereinafter Six G's) in connection with a personal injury action based on provisions of the Labor Law. Six G's employee Jimmy Quiles was injured on a construction project in January 1996, and he commenced an action against the owner of the building under construction, Joseph Gazza (hereinafter the Quiles action). Gazza in turn commenced a third-party action for common-law indemnification against Six G's. Although Quiles collected Workers' Compensation benefits under a policy issued to Six G's by the State Insurance Fund (hereinafter SIF), Farrell did not notify SIF of the third-party action until February 1999. By that time, the Supreme Court had granted partial summary judgment to Quiles on the issue of liability under Labor Law § 240 (1), and summary judgment to Gazza on his third-party action against Six G's. SIF disclaimed coverage of the third-party action.

Gazza ultimately settled the Quiles action for $1.1 million. SIF contributed $400,000 to the settlement, although it refused to withdraw its disclaimer. Gazza's general liability insurer, Fireman's Fund Insurance Company (hereinafter Fireman's), provided the funds for the remainder of the settlement. Six G's assigned its legal malpractice claim against Farrell to Gazza and Fireman's (hereinafter the plaintiffs) in exchange for the plaintiffs' agreement that they would not seek to satisfy the judgment in the third-party indemnification action from the assets of Six G's or its president.

The plaintiffs commenced this legal malpractice action as assignees of Six G's in which they alleged that Farrell was negligent in failing to timely notify SIF of the third-party claim against Six G's and that, as a result, Six G's lacked insurance to cover the judgment obtained against it by Gazza. We conclude that the Supreme Court properly denied Farrell's motion to dismiss the complaint, as it sufficiently stated the elements of an action to recover damages for legal malpractice (*see, Cannistra v O'Connor, McGuinness, Conte, Doyle, Oleson & Collins,* 286 AD2d 314).

The documentary evidence Farrell presented failed to satisfy

his burden of establishing that the plaintiffs would be unable to prove at least one of the essential elements of their case (*see, Suydam v O'Neill,* 276 AD2d 549). Farrell contends that, by participating in the settlement of the Quiles action, SIF waived its disclaimer of coverage. Therefore, his alleged negligent failure to timely notify SIF of the third-party action did not cause Six G's to suffer any ascertainable damages. We conclude, however, that the issue of whether SIF waived its disclaimer cannot be decided as a matter of law, as the evidence in the record does not establish unequivocal conduct by SIF inconsistent with its disclaimer (*see, Titus v Glens Falls Ins. Co.,* 81 NY 410, 419; *see also, Schiff Assocs. v Flack,* 51 NY2d 692, 698; *Gibson Elec. Co. v Liverpool & London & Globe Ins. Co.,* 159 NY 418; *Graziane v National Sur. Corp.,* 102 AD2d 950). According to the recitations in the assignment, Six G's was aware that SIF refused to withdraw its disclaimer. Six G's consented to SIF's offer to contribute $400,000 to the settlement of the Quiles action after lengthy negotiations and acknowledged that an action against SIF for full indemnification under the policy was not likely to succeed.

In any event, contrary to Farrell's contention, Six G's suffered ascertainable damages due to his alleged negligence in March 1999, when SIF disclaimed coverage. Six G's faced the cost of pursuing an action against SIF regarding the validity of the disclaimer and lacked insurance coverage for any judgment against it in the third-party action. Under the circumstances, the settlement of the Quiles action in September 1999 was not an intervening cause barring a claim of legal malpractice, as it was compelled by Farrell's alleged breach of the standard of care (*see, Home Ins. Co. v Liebman, Adolf & Charme,* 257 AD2d 424).

We further conclude that the Supreme Court properly denied the plaintiffs' cross motion for summary judgment, as the issue of whether Farrell's conduct fell below the ordinary and reasonable skill and knowledge possessed by other members in his community presents a question of fact for the jury (*see,* CPLR 3212 [b]). Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.