DARIN GIOELI, Respondent, v GEORGE C. VLACHOS et al., Appellants. [933 NYS2d 352]—

To state a cause of action to recover damages for legal malpractice, a plaintiff must allege (1) that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession," and (2) that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*Leder v Spiegel*, 9 NY3d 836, 837 [2007] [internal quotation marks omitted], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008]; *see Dempster v Liotti*, 86 AD3d 169, 176 [2011]). "To establish the element of causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence" (*Snolis v Clare*, 81 AD3d 923, 925 [2011]). Further, in considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction, the facts alleged in the complaint are accepted as true, and the complaint is construed in a light most favorable to the plaintiff (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d 755, 757 [2009]).

Here, the plaintiff alleges that the defendants committed legal malpractice in their representation of the plaintiff in an underlying claim against the State of New York for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b. As pertinent to this appeal, "to *present* [a] claim for unjust conviction and imprisonment, *claimant must establish by documentary evidence*" his conviction of one or more felonies, that he was sentenced to a term of imprisonment, that he served "any part" of the sentence imposed, that the judgment of conviction was reversed and the indictment dismissed upon certain enumerated grounds, and that the claim was timely filed (Court of Claims Act § 8-b [3] [emphasis added]). It is undisputed that the defendants failed to submit such "documentary evidence" when they filed the underlying claim in the Court of Claims and that the underlying claim was dismissed based on that pleading defect (*Reed v State of New York*, 78 NY2d 1, 7 [1991]; *Gioeli v State of New York*, 39 AD3d 815 [2007]; *Puckered v State of New York*, 144 AD2d 920, 921 [1988]; *Heiss v State of New York*, 143 AD2d 67, 69 [1988]; *Ives v State of New York*, 138 AD2d 963 [1988]; *Stewart v State of New York*, 133 AD2d 112, 113 [1987]; *Lanza v State of New York*, 130 AD2d 872, 873 [1987]). Accordingly, contrary to the defendants' contention, the complaint adequately pleaded the element regarding the defendants' failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession (*see Leder v Spiegel*, 9 NY3d at 837).

The defendants' remaining contentions are either without merit or improperly raised for the first time in their reply brief. Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.