Katz v Siano (2020 NY Slip Op 06056)





Katz v Siano


2020 NY Slip Op 06056


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 152809/19 Appeal No. 12215 Case No. 2020-2751 

[*1]Jay Katz, Plaintiff-Respondent,
v
Anthony J. Siano, Defendant-Appellant.


Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for appellant.
Samuel E. Kramer, New York, for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered December 18, 2019, which, insofar as appealed from, denied defendant's CPLR 3211(a)(1) and (7) motion to dismiss the complaint as to the first cause of action for legal malpractice, unanimously affirmed, without costs.
The court properly denied the motion to dismiss the first cause of action for legal malpractice. Plaintiff adequately plead that defendant, who was retained to represent him in a criminal matter, owed him a duty of care with respect to legal advice he allegedly offered in connection with a pending civil action (see Jane St. Co. v Rosenberg & Estis, 192 AD2d 451 [1st Dept 1993], lv denied 82 NY2d 654 [1993]). While the parties entered into a written retainer agreement stating that the legal representation was for the criminal matter, on this motion to dismiss the written retainer does not eliminate any possibility that defendant owed plaintiff a duty of care in connection with legal advice he had given and was continuing to give regarding the separate civil matter, insofar as plaintiff relied upon it within that matter rather than in the criminal matter (see Genesis Merchant Partners, L.P. v Gilbride, Tusa, Last & Spellane, LLC, 157 AD3d 479, 482 [1st Dept 2018]). Accordingly, there is no documentary evidence here sufficient to require dismissal of the legal malpractice claim pursuant to CPLR 3211(a)(1) (see IMO Indus. v Anderson Kill & Olick, 267 AD2d 10 [1st Dept 1999]). Issues of fact precluding dismissal exist as to whether defendant's legal malpractice was the proximate cause of any damages suffered by plaintiff in the civil matter and as to whether plaintiff suffered cognizable damages in that matter.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020