Stacey v State of New York (2023 NY Slip Op 01444)

Stacey v State of New York

2023 NY Slip Op 01444

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

992 CA 22-00747

[*1]RICHARD STACEY, II, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 134644.) 

LAW OFFICE OF FRANK POLICELLI, UTICA (FRANK POLICELLI OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Court of Claims (Christopher J. McCarthy, J.), entered April 4, 2022. The order denied the motion of claimant for partial summary judgment on the issue of liability and dismissed the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action pursuant to Court of Claims Act § 8-b seeking damages based on allegations that he was wrongly convicted and imprisoned, claimant appeals from an order that denied his motion for partial summary judgment on the issue of liability and dismissed the claim. We affirm.
As relevant here, "[i]n order to present [a] claim for unjust conviction and imprisonment, claimant must establish by documentary evidence that[, inter alia] . . . his judgment of conviction was reversed or vacated . . . and the accusatory instrument dismissed" on one or more of the grounds enumerated in CPL 440.10 (1) (a), (b), (c), (e), or (g) (Court of Claims Act § 8-b [3] [b] [ii] [A]). Here, claimant "failed to annex the documentary evidence required by section 8-b (3)" of the Court of Claims Act (Piccarreto v State of New York, 144 AD2d 920, 920 [4th Dept 1988]) and thus failed to establish that his judgment of conviction was reversed or vacated on any of the statutorily enumerated grounds for relief (see § 8-b [3] [b] [ii] [A]; Ortiz v State of New York [appeal No. 3], 203 AD3d 1731, 1733 [4th Dept 2022], lv denied 38 NY3d 911 [2022]). The record shows that claimant did not move to vacate the judgment under a specific statutory provision, the transcript of the hearing at which County Court vacated the judgment identifies no statutory basis for the court's reasoning, and claimant has presented no other documentary evidence to establish the ground on which the relief was granted. Although claimant contends that vacatur was granted based on newly discovered evidence pursuant to CPL 440.10 (1) (g), we note that the vacated conviction was entered on claimant's plea of guilty and, "[b]y its express terms, [CPL 440.10 (1) (g)] is inapplicable to judgments obtained by guilty pleas" (People v Tiger, 32 NY3d 91, 99 [2018]).
Claimant's remaining contention is academic in light of our determination.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court